457 So.2d 176 (1984)
STATE of Louisiana, Respondent,
v.
Wilmer D. LOCKHART, Applicant.
No. 16474-KW.
Court of Appeal of Louisiana, Second Circuit.
September 26, 1984.
*177 Charles McConnell, Indigent Defender, Minden, for applicant.
William J. Guste, Jr., Atty. Gen., Henry N. Brown, Jr., Dist. Atty., R. Harmon Drew, Jr., Asst. Dist. Atty., Minden, for respondent.
Before PRICE, HALL and NORRIS, JJ.
PRICE, Judge.
The defendant, Wilmer D. Lockhart, was charged on November 9, 1981, in two bills of information with aggravated burglary, La.R.S. 14:60 and attempted forcible rape, La.R.S. 14:27, 14:42.1. On January 18, 1982, the defendant was tried and found guilty of aggravated burglary. The state then dismissed the charges for attempted forcible rape. On September 2, 1983, the Louisiana Supreme Court reversed the defendant's conviction on the ground that there was no evidence of an unauthorized entrance into the victim's home, an essential element of the crime of aggravated burglary. On November 21, 1983, the state then filed a new bill of information again charging the defendant with attempted forcible rape.[1] The defendant then moved to quash the bill of information based upon double jeopardy. The trial court denied defendant's motion. This court granted defendant's application for a writ of review to determine whether the trial court erred in denying defendant's motion to quash. Finding error by the trial court, we reverse.
The events leading to the charges against defendant are set forth in the Louisiana Supreme Court's opinion in State v. Lockhart, 438 So.2d 1089 (La.1983):
On October 27, 1981, at approximately 2:00 p.m. the defendant knocked on the door of a house occupied by Liby B. Carter, a woman in her sixties who resided in Minden, Louisiana. Ms. Carter responded to a knock at her unlocked door by calling out "alright," words she described in testimony as meaning to "come on in." Ms. Carter recognized the defendant who was her distant cousin and gave defendant permission to use the bathroom when he asked to do so. Ms. Carter then returned to the bedroom where she began changing the diaper of a baby whom she was babysitting. Defendant went into the bathroom. According to Ms. Carter's testimony, defendant then came out of the bathroom and entered the bedroom. He grabbed her from the rear and attempted to throw her onto the bed on which the baby was lying. Defendant's penis was exposed. After pulling up Ms. Carter's dress, he attempted to achieve penetration as he told her, "give me some of this...," and "don't make me kill you." The two struggled and defendant threw the victim onto the floor. After struggling on top of the victim with his penis touching the lower part of Ms. Carter's stomach, defendant got up to leave. Ms. Carter testified there had been no penetration. Defendant told the victim to give him "two hours to get out of town." After checking to see that defendant was not hidden in the house, Ms. Carter *178 called the police. When the officer arrived moments later, she told him that Lockhart had tried to rape her.
In reversing the defendant's conviction for aggravated burglary, the Supreme Court found the state failed to prove an essential element of the crime by not proving unauthorized entry into the dwelling. The court found that the victim allowed the defendant to enter her home with her consent. The court also found that the consent was voluntary and intelligent based upon a reasonable understanding of the identity of the intruder. The state now seeks to prosecute the defendant for attempted forcible rape.
ASSIGNMENT OF ERROR
Defendant argues in his motion to quash that the charge of attempted forcible rape is prohibited by the double jeopardy provisions of the Louisiana and the United States Constitutions.
The double jeopardy clause of the Fifth Amendment of the United States Constitution, made applicable to the state through the Fourteenth Amendment, provides that no person shall be "subject for the same offenses to be twice put into jeopardy of life or limb." Article 1, Section 15 of the 1974 Louisiana Constitution contains a similar guarantee.
In State v. Knowles, 392 So.2d 651 (La. 1980), the Louisiana Supreme Court citing Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), outlined the following criteria for examining violations of double jeopardy:
... The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not....
This test was held constitutionally required by the U.S. Supreme Court in Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), and is embodied in Louisiana Code of Criminal Procedure Article 596:
Double jeopardy exists in a second trial only when the charge in that trial is: (1) identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial; or (2) based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial.
Louisiana uses both the "Blockburger test" and the "same evidence test." State v. Vaughn, 431 So.2d 763 (La.1983); State v. Steele, 387 So.2d 1175 (La.1980). When a defendant is charged with separate statutory crimes they need not be identical in elements or in actual proof to be the same within the meaning of the constitutional prohibition. Brown v. Ohio, supra; State v. Hayes, 412 So.2d 1323 (La.1982).
The Louisiana Supreme Court explains the "same evidence test" in State v. Steele, supra, as follows:
If the evidence required to support of finding of guilt of one crime would also have supported the conviction of the other, the two are the same offense under a plea of double jeopardy, and a defendant can be placed in jeopardy for only one. The test depends on the evidence necessary for conviction, not all the evidence introduced at trial ...
The "same evidence test" is somewhat broader in concept than Blockburger the central idea being that one should not be punished (or put in jeopardy) twice for the same course of conduct.
Aggravated burglary is defined in La. R.S. 14:60 as follows:
Aggravated burglary is the unauthorized entering of any inhabited dwelling, or of any structure, water craft, or movable where a person is present, with intent to commit a felony or any theft therein, if the offender,
(1) is armed with a dangerous weapon; or

*179 (2) after entering arms himself with a dangerous weapon; or
(3) commits a battery upon any person while in such place, or in entering or leaving such place.
Therefore, in order to prove the crime of aggravated burglary, the state must prove beyond a reasonable doubt that the defendant made an unauthorized entry of a structure with the intent to commit a theft or a felony. Additionally, the state must prove beyond a reasonable doubt one of the three aggravating circumstances listed in La.R.S. 14:60.
The state now seeks to prosecute the defendant for attempted forcible rape.
Under La.R.S. 14:27, any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
Forcible rape is defined in La.R.S. 14:42.1 as a rape committed where the anal or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such existence would not prevent the rape.
It is apparent that the crimes of aggravated burglary and attempted forcible rape do not contain identical elements. However, under the same evidence test, crimes need not be identical in elements to be the same offense under a plea of double jeopardy. Therefore, the crucial determination for review is what evidence was necessary for conviction of the defendant in the aggravated burglary charge and what evidence would be necessary for a conviction of the defendant for attempted forcible rape.
In the present case, the Louisiana Supreme Court reversed the defendant's conviction on the charge of aggravated burglary based on the failure of the state to prove beyond a reasonable doubt that the defendant had made an unauthorized entry of a structure. It is apparent from the facts at the defendant's previous conviction that the state sought to prove "the intent to commit a felony" element of the crime by the defendant's actions in attempting to rape the victim. The state need only prove the intent to commit a felony, not the actual felony itself.
However, it is equally apparent that the state sought to prove the third element of aggravated burglary under La.R.S. 14:60(3) by proving that the defendant did commit a battery upon the person while in such place. The facts in no way indicate that the defendant entered the residence armed with a dangerous weapon or armed himself with a dangerous weapon after entering the residence. Therefore, the state sought to prove the battery element of the crime of aggravated burglary by presenting evidence of the defendant's attempted forcible rape.
Battery is the intentional use of force or violence upon the person of another. La. R.S. 14:33. It is apparent that the attempted rape by the defendant constituted a battery within the meaning of R.S. 14:33. It is equally apparent that the state sought to prove this battery to satisfy the essential elements of the crime of aggravated burglary.
Therefore, the evidence necessary for conviction of the defendant on a charge of attempted forcible rape is the same evidence which was necessary in the state's attempt to convict the defendant of aggravated burglary. Consequently, the double jeopardy clause of the Fifth Amendment of the United States Constitution and Article 1, Section 15 of the Louisiana Constitution of 1974 prohibits the state from placing the defendant twice in jeopardy.
For these reasons, we find that the trial court erred in denying defendant's motion to quash and therefore the ruling of the trial court is reversed.
REVERSED.
NOTES
[1] The Bill of Information reads in pertinent part as follows:

Wilmer D. Lockhart ... did attempt to commit a forcible rape upon Lily B. Carter, contrary to La.R.S. 14:27 and La.R.S. 14:43.1. This court recognizes that La.R.S. 14:43.1 is
the crime of "Sexual Battery," forcible rape is found in La.R.S. 14:42.1.
We find that the result will not differ under either crime. Nevertheless, since the defendant has been put on notice of a "Forcible Rape" charge, the review will be limited to Forcible Rape as defined by La.R.S. 14:42.1.