493 So.2d 766 (1986)
STATE of Louisiana, Appellee,
v.
Billy Ray JACOBS, Appellant.
No. 17920-KA.
Court of Appeal of Louisiana, Second Circuit.
August 20, 1986.
*767 Hunter, Scott, Blue, Johnson & Ross by Louis G. Scott, Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., James Allan Norris, Jr., Dist. Atty., and Theodore J. Johnson, Asst. Dist. Atty., Monroe, for appellee.
Before HALL, C.J., and SEXTON and LINDSAY, JJ.
HALL, Chief Judge.
The defendant, Billy Ray Jacobs, was charged by bill of information with the crimes of aggravated burglary, LSA-R.S. 14:60, and armed robbery, LSA-R.S. 14:64. A jury found the defendant guilty as charged and the trial court later sentenced the defendant to serve ten years at hard labor for the aggravated burglary conviction and twenty-five years at hard labor for the armed robbery conviction, the sentences to run consecutively. Finding no merit to defendant's assignments of error on appeal, we affirm.

FACTS
During the night of April 4, 1985, two black males, one of whom was armed with a knife, broke into the home of 79 year old Mack Richmond in Monroe, pulled him out of bed, struck him, and threatened him with a knife, while stealing money found in his pants on a nearby chair. Mr. Richmond was acquainted with the two assailants and identified both the defendant and William Menyweather to the police. Officer Brown of the Monroe Police Department testified that the home was apparently entered through the front door of the home where the officer found that the screen had been cut with what looked like a knife.
Mr. Richmond testified that he was awakened during the night by Menyweather who was holding a knife on him and who told him not to get up. As Richmond tried to get out of bed, Menyweather struck him on the head causing him to stumble onto the floor into the adjoining room. The light was on in the room allowing Richmond to see both men. While Menyweather struck Richmond again and threatened him with the knife, Richmond observed the defendant take his wallet from his pants which were lying on a nearby chair. The wallet contained cash from a social security check and a pension check the victim had cashed. Richmond was afraid to leave the house in the dark and waited until morning to notify the Monroe Police Department. Later that same morning, Monroe Police Officers arrested both Menyweather and the defendant, both of whom confessed involvement in the crime.

ASSIGNMENTS OF ERROR
The defendant filed the following assignments of error:
1. The trial court erred in failing to grant defendant's motion to quash.
2. The trial court erred in excusing juror Hugh Branlette, Jr.
3. The trial court erred in admitting into evidence statements allegedly made by the defendant to law enforcement officials.
4. The trial court erred in denying defendant's post verdict motion for a judgment of acquittal.
5. The trial court erred in denying defendant's motion for arrest of judgment.
6. The trial court erred in sentencing defendant to an excessive amount of time at hard labor.

ASSIGNMENTS OF ERROR NUMBERS 1 AND 5
By these assignments, defendant contends that the trial court erred in failing to grant defendant's motion to quash and motion in arrest of judgment on the basis that his conviction of both aggravated burglary and armed robbery subjected him to double jeopardy in violation of the Fifth Amendment to the United States Constitution and Article 1, Section 15 of the Louisiana Constitution of 1974.
This court set forth the applicable jurisprudence in State v. Lockhart, 457 So.2d 176 (La.App. 2d Cir.1984), as follows:

*768 The double jeopardy clause of the Fifth Amendment of the United States Constitution, made applicable to the state through the Fourteenth Amendment, provides that no person shall be "subject for the same offenses to be twice put into jeopardy of life or limb." Article 1, Section 15 of the 1974 Louisiana Constitution contains a similar guarantee.
In State v. Knowles, 392 So.2d [651] 652 (La.1980), the Louisiana Supreme Court citing Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), outlined the following criteria for examining violations of double jeopardy:
... The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not....
This test was held constitutionally required by the U.S. Supreme Court in Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), and is embodied in Louisiana Code of Criminal Procedure Article 596:
Double jeopardy exists in a second trial only when the charge in that trial is: (1) identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial; or (2) based on a part of a continuous offense for which the offense the defendant was in jeopardy in the first trial.
Louisiana uses both the "Blockburger test" and the "same evidence test." State v. Vaughn, 431 So.2d 763 (La. 1983); State v. Steele, 387 So.2d 1175 (La.1980). When a defendant is charged with separate statutory crimes they need not be identical in elements or in actual proof to be the same within the meaning of the constitutional prohibition. Brown v. Ohio, supra; State v. Hayes, 412 So.2d 1323 (La.1982).
The Louisiana Supreme Court explains the "same evidence test" in State v. Steele, supra, as follows:
If the evidence required to support a finding of guilt of one crime would also have supported the conviction of the other, the two are the same offense under a plea of double jeopardy, and a defendant can be placed in jeopardy for only one. The test depends on the evidence necessary for conviction, not all the evidence introduced at trial....
The "same evidence test" is somewhat broader in concept than Blockburger the central idea being that one should not be punished (or put in jeopardy) twice for the same course of conduct.
Aggravated burglary is defined in LSA-R.S. 14:60 as follows:
Aggravated burglary is the unauthorized entering of any inhabited dwelling, or of any structure, water craft, or movable where a person is present, with intent to commit a felony or any theft therein, if the offender,
(1) Is armed with a dangerous weapon; or
(2) After entering arms himself with a dangerous weapon; or
(3) Commits a battery upon any person while in such place, or in entering or leaving such place.
In order to prove the crime of aggravated burglary, the state must prove beyond a reasonable doubt that the defendant made an unauthorized entry of a structure with the intent to commit a theft or a felony. Additionally, the state must prove beyond a reasonable doubt one of the three aggravating circumstances listed in LSA-R.S. 14:60.
Armed robbery is defined in LSA-R.S. 14:64 as follows:
Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of *769 force or intimidation, while armed with a dangerous weapon.
The crimes of aggravated burglary and armed robbery do not contain identical elements. The crime of aggravated burglary requires the element of an unauthorized entry whereas the crime of armed robbery does not. The crime of armed robbery requires the elements of taking something of value belonging to another from the person of or in the immediate control of another, by use of force or intimidation, whereas the crime of aggravated burglary does not require these elements. However, under the same evidence test, crimes need not be identical in elements in order for a double jeopardy to be applicable. The crucial determination is whether the evidence necessary for a conviction of the defendant for aggravated burglary was the same evidence necessary for a conviction of the defendant for armed robbery, or vice versa.
In State v. Vincent, 387 So.2d 1097 (La. 1980), the Supreme Court held that defendant's double jeopardy rights were not violated in the joint charging and conviction of burglary and receipt of stolen things as the two charges were not based on the exact same conduct. The Supreme Court stated that "the crime of burglary was completed upon entry into the car with the intent to commit the theft therein, whereas the theft did not occur until the defendant actually took the watch from the glove compartment." State v. Vincent, supra, at 1101.
In State v. Cureaux, 467 So.2d 1377 (La. App. 5th Cir.1985), evidence adduced at trial established that aggravated burglary and armed robbery charges arose from the same incident of defendants entering the victim's home. However, the court found that neither the exact same evidence nor the exact same conduct was required for a conviction of the defendants on both the burglary and robbery charges. The court in State v. Cureaux held:
In regard to the evidence, a conviction of aggravated burglary requires the proof of an unauthorized entering of any dwelling (or any structure, watercraft, or movable) where a person is present with the specific intent to commit a felony or theft therein, if the defendant is armed with a dangerous weapon or arms himself with a dangerous weapon after entering (or commits a battery upon any person while in such a place or leaving such place). LSA-R.S. 14:60. On the other hand, a conviction of armed robbery requires proof of the theft of anything of value from the person of another or which is in the immediate control of another, by use of force or intimidation, while the offender is armed with a dangerous weapon. LSA-R.S. 14:64.
As to the conduct, the crime of aggravated burglary was complete upon these defendants' unauthorized entry into the residence of the victims (with the victims present) and with the specific intent to commit theft while armed with the guns, or when they committed battery upon the victims. Whereas the armed robbery did not occur until the defendants actually at gunpoint took the jewelry, money, and other items from the victims. This distinction makes it clear that burglary of the house and the robbery of the victims were two separate and distinct offenses; and therefor the conviction of one would not bar a conviction of the other on the grounds that the defendants would be placed twice in jeopardy for the same offense. [Citations omitted.]
In the present case, the same evidence was not necessary for a conviction of both crimes because the evidence necessary for the crime of aggravated burglary was complete when the evidence showed that the defendants entered the residence where a person was present without authorization with the intent to commit a theft while armed with a knife or when they committed battery upon the victim. The robbery did not occur until the victim's money was taken while he was threatened with a knife. The crimes of aggravated burglary and armed robbery were separate and distinct offenses, requiring separate and distinct evidence for conviction, and prosecution for both did not subject defendant to double jeopardy.
*770 The instant case is distinguishable from State v. Lockhart, supra, in which this court sustained a plea of double jeopardy where the defendant was first convicted of aggravated burglary and the state later initiated a prosecution for attempted forcible rape. Here, as in Lockhart, the aggravated burglary charge required only that the state prove the intent to commit a felony, not the actual felony itself. But in Lockhart it was necessary to establish the attempted forcible rape as the aggravating circumstance, the commission of a battery, as an element of the crime of aggravated burglary. The same evidence was necessary for convictions on both charges. In the instant case, evidence of the armed robbery was not necessary for conviction of aggravated burglary since the aggravating circumstance was established by evidence that the defendant was armed with a dangerous weapon. Evidence of the other elements of robbery, taking of something of value belonging to another from the person of or in the immediate control of another by force or intimidation, was not necessary. Thus, the same evidence was not necessary for conviction of both crimes.
These assignments of error are without merit.

ASSIGNMENT OF ERROR NUMBER 2
By this assignment, the defendant contends that the trial court erred in excusing juror Hugh Branlette, Jr. Defendant has neither briefed nor argued this assignment of error; it is therefore considered abandoned. State v. Foy, 439 So.2d 433 (La. 1983).

ASSIGNMENT OF ERROR NUMBER 3
By this assignment, defendant contends that the trial court erred in admitting into evidence statements made by the defendant to law enforcement officers. Defendant contends that his statements to police officers were not given freely and voluntarily because he was intoxicated.
The record reflects that the defendant did not object to the testimony concerning his statement either by way of motion to suppress or by objection at trial. An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence or by written motion. LSA-C.Cr.P. Art. 841; State v. Ford, 349 So.2d 300 (La.1977); State v. Taylor, 448 So.2d 773 (La.App. 2d Cir.1984). Further, the testimony of Officer Brown reflects that although the officer was aware that the defendant had been drinking, there was no indication that the defendant was intoxicated.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER 4
By this assignment defendant contends that a rational trier of fact could not have found the defendant guilty beyond a reasonable doubt of the crimes charged.
In order to satisfy due process standards, the evidence, viewed in the light most favorable to the prosecution, must be sufficient for a rational trier of fact to conclude that the essential elements of the crime were proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Smith, 441 So.2d 739 (La.1983); State v. Cook, 465 So.2d 825 (La.App. 2d Cir.1985).
Defendant contends that there is no evidence to show that he was armed with a dangerous weapon or that he actively desired the use of the weapon against Mr. Richmond. Additionally, defendant contends that the wallet which was taken from Mr. Richmond's pants pocket was not sufficiently under the victim's control to constitute the crime of armed robbery.
Under LSA-R.S. 14:24, all persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime are principals.
The state presented substantial, credible evidence of the defendant's guilt of both crimes. First, the defendant admitted to Officer Brown that he entered the house with Menyweather. The physical evidence at the house reflected that the *771 screen door had been cut with a knife. The victim, Mr. Richmond, testified that he was awakened by Menyweather who was threatening him with a knife and who struck him. Mr. Richmond testified that a light was on in the room and that he observed the defendant taking his wallet from his pants which were lying on a nearby chair. The pants were sufficiently under the victim's control. After obtaining the wallet, the defendant told Menyweather, "come on I've got it," at which time they left the house. The evidence reflects that the defendant actively participated in the commission of the burglary and the robbery. While there was no evidence that the defendant himself was armed with a dangerous weapon, the evidence reflects that he actively participated with Menyweather and thus was a principal in both crimes. This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER 6
By this assignment, defendant contends that the trial court erred in imposing an excessive sentence. Specifically, defendant contends that the trial court erred in imposing consecutive sentences for crimes arising under the same course of conduct.
The trial court sentenced the defendant to serve ten years at hard labor for his conviction of aggravated burglary and twenty-five years at hard labor for the armed robbery conviction.
LSA-C.Cr.P. Art. 883 provides that if the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of the imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. As held by this court in State v. Tomlin, 478 So.2d 622 (La.App. 2d Cir.1985):
The mere fact that multiple convictions result from a single course of conduct does not necessarily require that the sentences be served concurrently. However, in such a situation, a judgment directing that sentences be served consecutively requires particular justification. State v. Ortega, 382 So.2d 921 (La.1983), cert. denied, 449 U.S. 848, 101 S.Ct. 135, 66 L.Ed.2d 58; State v. Williams, 445 So.2d 1171 (La.1984). Factors to be considered include those enumerated under LSA-C.Cr.P. Art. 894.1 as well as consideration of whether the defendant poses an unusual risk to the safety of the public. State v. Sherer, 437 So.2d 276 (La.1983); State v. Taylor, 430 So.2d 686 (La.App. 2d Cir.1983), writ denied, 438 So.2d 575 (La.1983); State v. Lewis, 430 So.2d 1286 (La.App. 1st Cir.1983), writ denied, 435 So.2d 433 (La.1983).
The sentencing court noted that the defendant is a second felony offender who has an extensive juvenile and adult record. The presentence investigation reflects that in 1975 the defendant was convicted of theft and received a sentence of two years at hard labor. From 1977 to 1984 the defendant had numerous misdemeanor convictions which include three convictions for resisting arrest, and one each for receiving stolen goods, battery, fighting, disturbing the peace, interfering with a police officer, drunk and disorderly conduct, and simple battery on a police officer. The court noted that, at age 32, the defendant is not a youthful offender and has a limited education, dropping out of school in the ninth grade. The court noted defendant's poor work record and poor attitude. These factors considered by the court reflect the necessary justification to require that the sentences be served consecutively rather than concurrently. Defendant's record reflects that he has had numerous encounters with law enforcement officials and that he does pose an unusual risk to the safety of the public. The total sentence of 35 years imprisonment is not apparently severe considering the seriousness of the crimes and the maximum of 99 years which could have been imposed for the armed robbery conviction alone. This assignment of error is without merit.

PATENT ERROR
Defendant contends that the record contains a patent error. The defendant contends that the state erroneously questioned Officer Brown concerning the fact that the defendant had refused to give a *772 recorded statement. Defendant contends that the state was allowed at trial to inquire regarding the defendant's exercise of his right to remain silent.
The alleged error is not a patent error. State v. Oliveaux, 312 So.2d 337 (La.1975). No contemporaneous objection was made. Further, Officer Brown testified that the defendant did not exercise his right to remain silent, made oral statements, and only refused to give a recorded statement. This testimony was merely explanatory of why there was no written or recorded statement. This assignment of error is without merit.

DECREE
Finding no merit to defendant's assignments of error, defendant's convictions and sentences are affirmed.
AFFIRMED.
SEXTON, J., concurs with written reasons.
SEXTON, Judge, concurring.
I respectfully concur, disagreeing somewhat with the treatment of Assignments of Error 1 and 5 concerning double jeopardy. I adhere to the views I expressed in State v. Vaughn, 431 So.2d 763, 770 (La.1983) (Sexton, J. ad hoc, concurring in part and dissenting in part).