511 So.2d 1237 (1987)
STATE of Louisiana, Appellee,
v.
Wilbert ROBERTSON, Appellant.
No. 18801-KA.
Court of Appeal of Louisiana, Second Circuit.
August 19, 1987.
Rehearing Denied September 17, 1987.
*1239 Larry Johnson, Shreveport, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Paul Carmouche, Dist. Atty., Fred Ratzburg, Asst. Dist. Atty., Shreveport, for appellee.
Before HALL, JASPER E. JONES and FRED W. JONES, Jr., JJ.
HALL, Chief Judge.
Defendant, Wilbert Robertson, was convicted after trial by jury of aggravated burglary in violation of LSA-R.S. 14:60 and of aggravated rape in violation of LSA-R.S. 14:42. He was acquitted of an additional aggravated burglary charge. After conviction, the district attorney filed an information accusing defendant of a prior felony conviction. LSA-R.S. 15:529.1. Defendant was subsequently adjudged an habitual offender. He was sentenced to fifty years at hard labor on the burglary conviction, and to life imprisonment at hard labor without probation, parole or suspension of sentence on the rape conviction. The sentences were ordered to run consecutively. Defendant appealed asserting eight assignments of error.

FACTS
During the early morning hours of March 30, 1985 the twenty year old female victim, alone in her house, was awakened by a male intruder standing in her bedroom doorway. The victim was able to see the intruder because the kitchen and bathroom lights had been left on. Momentarily, they stared directly at each other. As the victim attempted to move, the intruder sprang towards her. A scuffle ensued. The victim effectively fended off her attacker until she was struck in the head with a blow which she later described as "to hard to be his hand". The victim did not, however, know whether the assailant had a weapon.
After striking his victim a second time, the assailant covered her head with some sheets scattered about the bed. The assailant demanded to know where "the money" was located. Initially, she denied having any money but then told him where her purse could be found.
The assailant took $45.00 from her purse and left the bedroom but warned the victim that he was still in the house. He threatened to kill her if she moved. Minutes *1240 later, the assailant returned to the bedroom and the victim heard what sounded like a belt buckle hitting the floor. The assailant wrapped the sheets around the victim's head and raped her. The victim testified that she did not resist because the assailant had already struck her twice and she thought he had a weapon.
The police were summoned to the victim's house shortly after the incident occurred. The crime scene was secured and the point of entry, a window opening into a back bedroom, was dusted and latent fingerprints were discovered. Prints lifted from the victim's window positively matched the defendant's.
Tests for seminal fluid were positive. The seminal fluid came from a secretor of either "A" or "O" blood type. The victim's common law husband, who had intercourse with the victim hours prior to the rape, was a non-secretor of "O" blood. The defendant, however, was a secretor of "O" blood.
The victim identified the defendant as the assailant in photographic and physical lineups and in court.

ASSIGNMENT OF ERROR # 1
In his first assignment of error, defendant argues the trial court erred in denying his motion to suppress, citing LSA-C.Cr.P. Art. 703(D) in support of this contention. Defendant, however, fails to point out what evidence should have been excluded or how he was prejudiced by its admission. He merely refers the court to the transcript of the hearing on the motion.
In a motion to suppress filed August 27, 1985, defendant asserted there was no probable cause for his arrest, therefore, any evidence obtained subsequent to that arrest should be suppressed. He also claimed that the search warrant issued for his "person, house, papers and effects" was not valid. Additionally, he argued that inculpatory statements made after his arrest were not voluntary. In a motion to suppress an identification filed November 14, 1985, defendant complained that the results of the line-up in which he was identified as an assailant should be held inadmissible because the line-up was conducted after a warrantless arrest and without probable cause and because the line-up was not conducted in a fair and impartial manner.
Based on lineup identifications by the victim and another person, the police officers had reasonable cause to believe that the defendant had committed an offense thereby justifying the warrantless arrest. The evidence clearly shows that statements made by the defendant were free and voluntary after advisement of his Miranda rights. Defendant's home was searched pursuant to valid written consent of the defendant and his common law wife. The home was searched again under a search warrant supported by probable cause. There is no indication that the lineups were suggestive or unreliable. To the contrary, they were conducted in a fair and impartial manner. Furthermore, most of the evidence involved in the motions to suppress was not used at trial.
This assignment of error, as argued and briefed, lacks merit.

ASSIGNMENTS OF ERROR # 2 AND # 7
By these assignments, defendant contends the trial court erred in refusing to quash the grand jury indictment which charged him with aggravated burglary and aggravated rape because the indictment violated the double jeopardy provisions of the Louisiana and United States Constitutions.
This court set forth the applicable jurisprudence in State v. Lockhart, 457 So.2d 176 (La.App.2d Cir.1984), later reaffirmed in State v. Jacobs, 493 So.2d 766, (La. App.2d Cir.1986), as follows:
The double jeopardy clause of the Fifth Amendment of the United States Constitution, made applicable to the state through the Fourteenth Amendment, provides that no person shall be "subject for the same offenses to be twice put into jeopardy of life or limb." Article 1, Section 15 of the 1974 Louisiana Constitution contains a similar guarantee.
In State v. Knowles, 392 So.2d [651] 652 (La.1980), the Louisiana Supreme Court citing Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), outlined the following *1241 criteria for examining violations of double jeopardy:
... The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not....
This test was held constitutionally required by the U.S. Supreme Court in Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), and is embodied in Louisiana Code of Criminal Procedure Article 596:
Double jeopardy exists in a second trial only when the charge in that trial is: (1) identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial; or (2) based on a part of a continuous offense for which the offense the defendant was in jeopardy in the first trial.
Louisiana uses both the "Blockburger test" and the "same evidence test." State v. Vaughn, 431 So.2d 763 (La. 1983);

State v. Steele, 387 So.2d 1175 (La. 1980). When a defendant is charged with separate statutory crimes they need not be identical in elements or in actual proof to be the same within the meaning of the constitutional prohibition. Brown v. Ohio, supra; State v. Hayes, 412 So.2d 1323 (La.1982).
The Louisiana Supreme Court explains the "same evidence test" in State v. Steele, supra, as follows:
If the evidence required to support a finding of guilt of one crime would also have supported the conviction of the other, the two are the same offense under a plea of double jeopardy, and a defendant can be placed in jeopardy for only one. The test depends on the evidence necessary for conviction, not all the evidence introduced at trial.... 

The "same evidence test" is somewhat broader in concept than Blockburger the central idea being that one should not be punished (or put in jeopardy) twice for the same course of conduct.
State v. Jacobs, 493 So.2d at 768.
In order to prove the crime of aggravated burglary, the state must prove beyond a reasonable doubt that the defendant made an unauthorized entry of a structure with the intent to commit a theft or a felony. Additionally, the state must prove beyond a reasonable doubt one of the three aggravating circumstances listed in LSA-R.S. 14:60, which provides:
Aggravated burglary is the unauthorized entering of any inhabited dwelling, or of any structure, water craft, or movable where a person is present, with intent to commit a felony or any theft therein, if the offender,
(1) Is armed with a dangerous weapon; or
(2) After entering arms himself with a dangerous weapon; or
(3) Commits a battery upon any person while in such place, or in entering or leaving such place.
LSA-R.S. 14:42 in pertinent part provides:
A. Aggravated rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
(1) When the victim resists the act to the utmost, but whose resistance is overcome by force.
(2) When the victim is prevented from resisting the act by threats of great and immediate bodily harm, accompanied by apparent power of execution.
(3) When the victim is prevented from resisting the act because the offender is armed with a dangerous weapon.
The crimes of aggravated burglary and aggravated rape do not contain identical elements. The crime of aggravated burglary requires the element of an unauthorized entry; aggravated rape does not. *1242 The crime of aggravated rape requires sexual intercourse; aggravated burglary does not. However, under the same evidence test, crimes need not be identical in elements in order for double jeopardy to apply. The crucial determination is whether the evidence necessary for a conviction of aggravated burglary was the same evidence necessary for a conviction of aggravated rape, or vice versa.
In State v. Anderson, 499 So.2d 1252 (La.App. 4th Cir.1986), writ denied, 503 So.2d 490 (La.1987), the court held that prosecution for both aggravated burglary and aggravated rape does not constitute double jeopardy. In Anderson, as in the present case, the unarmed defendant punched the victim shortly before he raped her. Although the defendant's actions were part of one continuous course of conduct, the court held the evidence necessary to find the defendant guilty of aggravated burglary would not support his conviction for aggravated rape.
In the instant case, the same evidence was not necessary for a conviction of both crimes because the crime of aggravated burglary was complete when the defendant entered the residence, struck the victim, and demanded her money. The rape, however, did not occur until after the defendant had twice struck the victim in the head, stolen her money, exited the bedroom, and re-entered minutes later. The crimes of aggravated burglary and aggravated rape were separate and distinct offenses, requiring separate and distinct evidence for conviction, and prosecution for both did not subject defendant to double jeopardy.
The present case is distinguishable from State v. Lockhart, supra, relied on by the defendant, in which this court sustained a plea of double jeopardy where the defendant was first convicted of aggravated burglary and the state later initiated a prosecution for attempted forcible rape. Here, as in Lockhart, the aggravated burglary charge required only that the state prove the intent to commit a felony, not the actual felony itself. But in Lockhart it was necessary to establish the attempted forcible rape as the aggravating circumstance, the commission of a battery, as an element of the crime of aggravated burglary. Thus the same evidence was necessary for convictions on both charges.
Here, evidence of the aggravated rape was not necessary for conviction of aggravated burglary since the aggravating circumstance was established by evidence that the defendant struck the victim twice while attempting to steal money from her. Although the defendant committed another battery upon the victim when he raped her, this subsequent battery was not necessary to establish the aggravating circumstance because the aggravated burglary had already occurred. The same evidence, therefore, was not necessary for conviction of both crimes.
These assignments of error lack merit.

ASSIGNMENT OF ERROR # 3
By this assignment of error, defendant claims the trial court erred in not providing him with prior written statements of the prosecution's witnesses which had been furnished to the court. He also argues the court erred when it refused to seal those statements and make them part of the record for purposes of appeal.
After the state had completed its direct examination of the victim, defense counsel asked the court to review prior statements made by the victim for any inconsistencies or other exculpatory evidence. The prosecution responded to the request by submitting the evidence for in camera examination.
The trial court reviewed the prior statements and concluded that no inconsistencies or exculpatory evidence existed, except for a reference by the victim as to the assailant's height. In the statement the victim had described the assailant as being 5'6" tall; the defendant is 6'3" tall. Although the trial court noted the discrepancy in the victim's description of the assailant's height, and the defendant's actual height, it determined that the exculpatory evidence was not material and denied defendant access to the statement. The court also refused to seal the statement and make it part of the record.
*1243 The victim testified at trial that she had previously described the assailant's height as "5-something", but she could not remember the exact description given to the police. Detective Meriam, however, did remember and testified, when questioned by defense counsel, that the victim had earlier described the assailant as being 5'6" to 5'7" tall. Therefore, the complained of evidence was disclosed at trial through the police officer's testimony. In any event, the trial court's refusal to allow defense counsel access to the statement for cross-examination, when considered in the context of the entire record, does not create a reasonable doubt as to defendant's guilt that did not otherwise exist. State v. Sylvester, 388 So.2d 1155 (La.1980).
We add, however, that the better procedure is for the trial judge to seal the evidence subject to the in camera inspection and make it part of the record so as to be available for appellate review.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR # 4
Defendant urges the trial court erred in overruling his motion to challenge one of the jurors for cause. During the voir dire examination, the jurors were asked if they knew anyone on the prosecution's list of potential witnesses. One juror replied that she knew Sgt. Louis Jackson. She also stated that she would feel "more comfortable" if Sgt. Jackson was not a witness.
Defendant asserts the juror should have been excused for cause because her acquaintance with the police officer and her statement that she would feel more comfortable if he was not testifying rendered her not impartial.
LSA-C.Cr.P. Art. 797(2) and (3) provides:
The state or the defendant may challenge a juror for cause on the ground that:
(2) The juror is not impartial, whatever the cause of his partiality. An opinion or impression as to the guilt or innocence of the defendant shall not of itself be sufficient ground of challenge to a juror, if he declares, and the court is satisfied, that he can render an impartial verdict according to the law and the evidence;
(3) The relationship, whether by blood, marriage, employment, friendship, or enmity between the juror and the defendant, the person injured by the offense, the district attorney, or defense counsel, is such that it is reasonable to conclude that it would influence the juror in arriving at a verdict;
Although a juror's relationship with a witness is not within the purview of Section (3), arguably that relationship could affect the partiality of the juror to the extent that it would be covered under Section (2). State v. Reed, 324 So.2d 373 (La.1975). In the present case, however, there is no reasonable basis to conclude that the relationship between the juror and the police officer caused the juror to render an impartial verdict.
The juror, when questioned by the court, the district attorney and defense counsel, stated that she would be fair, that she would require proof beyond a reasonable doubt to convict thereby affording defendant the presumption of innocence, that she would not feel any pressure to vote guilty because the police officer was a witness, and that she would not give more weight to the officer's testimony because he was a policeman. The mere fact that the prospective juror would have felt more comfortable had the police officer not been a witness does not, in and of itself, render the juror less than impartial. Therefore, the trial court did not abuse its discretion in overruling defendant's challenge for cause.

ASSIGNMENT OF ERROR # 5
By this assignment of error, defendant complains the trial court erred in refusing to grant a mistrial following the judge's "extensive" questioning of Officer Fields. After the district attorney asked the police officer if there was any sign of forced entry into the victim's house, defense counsel interposed an objection. The trial judge responded as follows:
COURT: (Interrupting) Just tell us what you found. Did you go overwhat part of the house did you look at?

*1244 WITNESS: I looked at the inside of the house and the outside of the house.
COURT: What did you find on the outside?
WITNESS: I can't remember. I did not put it in the report.
COURT: Proceed.
While this assignment of error asserts that the defense moved for a mistrial based on the foregoing remarks of the judge, a search of the record fails to disclose a contemporaneous motion to that effect. The motion was not made "at the time of the occurrence," but was made after the court's remarks and after the witness had been excused and a short recess taken. An irregularity or error cannot be availed of after verdict unless it was objected to at the time of the occurrence. LSA-C.Cr.P. Art. 841.
Moreover, it is apparent from the colloquy that the trial judge was not commenting on the evidence as proscribed by LSA-C.Cr.P. Art. 772, but merely allowing the witness to answer the question posed by the district attorney. The questioning by the trial judge was not extensive nor was any prejudice caused to the defendant, particularly in light of the fact that the witness was unable to remember if there had been any sign of forced entry. The trial judge's remarks, therefore, did not constitute an impermissible comment on the evidence. State v. Rittiner, 341 So.2d 307 (La.1976).

ASSIGNMENT OF ERROR # 6
In this assignment of error, defendant contends the trial court erred in refusing to grant a mistrial when the prosecutor referred to the defendant in his closing argument as "one of the most brazen criminals there is." The prosecutor's remark, however, was in direct response to the defendant's closing argument.
The defendant was charged with burglarizing two houses in the neighborhood where he lived. The alleged offenses occurred within blocks of each other, about an hour apart. A purse stolen from one of the houses was found in some bushes near the defendant's home. In closing, defense counsel inferred that no one who had just committed a crime would leave incriminating evidence next to his own house. In rebuttal, the prosecutor simply argued that the defendant's conduct was "brazen" in that he committed crimes in his own neighborhood and did not even try to hide the evidence. The prosecution is permitted to answer the argument of the defendant. LSA-C.Cr.P. Art. 774. Therefore, the prosecutor's rebuttal to the defendant's argument was not improper.
Nevertheless, a reversal because of improper closing is not required unless the reviewing court is thoroughly convinced such remarks influenced the jury and contributed to the verdict. State v. Sharp, 418 So.2d 1344 (La.1982); State v. Robinson, 485 So.2d 156 (La.App.2d Cir. 1986), writ denied, 488 So.2d 1018 (La. 1986). In the present case, the complained of remark, even if improper, did not influence the jury or contribute to the guilty verdict.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR # 8
In his last assignment of error, defendant asserts there was insufficient evidence to convict him of aggravated rape or aggravated burglary. Defendant's argument, however, is confined to the sufficiency of evidence necessary to convict him of aggravated rape.
Defendant urges there was insufficient evidence to convict him of aggravated rape because the victim did not resist the sexual intercourse and he was not armed with a dangerous weapon nor did he threaten her with great and immediate bodily harm, accompanied by any apparent power of execution.
In order to satisfy due process standards, the evidence, when viewed in the light most favorable to the prosecution, must be sufficient for a rational juror to conclude that the essential elements of the crime were proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Wright, 445 So.2d 1198 (La.1984); State *1245 v. Hobbs, 494 So.2d 1246 (La.App.2d Cir. 1986).
The evidence at trial clearly revealed that the victim was raped. The victim suffered a bruised left temple as the result of blows administered by the defendant. Also, the defendant threatened to kill the victim while he was rummaging through her house. Based on this evidence, and viewing it in the light most favorable to the prosecution, a rational trier of fact could have found that the victim was prevented from resisting the act of sexual intercourse by threats of great and immediate bodily harm, accompanied by the defendant's apparent power of execution.
This assignment of error lacks merit.

DECREE
The convictions and sentences are affirmed.

ON APPLICATION FOR REHEARING
Before LINDSAY, HALL, JASPER E. JONES, FRED W. JONES, Jr., and SEXTON, JJ.
Rehearing denied.