DUFRESNE, Judge.
The defendant, Redell Redd, was charged by a multi-count bill of information with attempted first degree murder, attempted aggravated rape and aggravated burglary. He entered pleas of not guilty to the charges, was tried by a jury and found guilty as charged. He was sentenced to serve twenty-five years at hard labor on each of the three counts, with the sentences to run concurrently. This appeal followed and the appellant alleges two assignments of error:
1. That the evidence was not sufficient to justify the verdict.
2. Any errors patent.
FACTS
On the afternoon of June 18, 1988, Cheryl Mitchell, clad in blue jeans and a shirt and wearing rollers, was washing clothes in preparation for work. Her aunt, with whom she had been staying for several months, was out of town. Shortly after one o’clock the door bell rang. She opened the front door of the apartment in response to the ring to a young black male who was standing outside. He informed her that he was selling books to earn points for his school, Grambling State. He showed the victim brochures reflecting the items he had available and asked her if she would like to buy any of the books.
She told him she did not have time to place an order but if he would return the following day she thought her aunt, who was scheduled to return home, might be interested. He persisted and asked her to at least write down what she was interested in. Leaving him in the doorway with the door open she turned around, walked across the living room to where her purse was located, and began to look for a pen.
While her back was turned the man entered the apartment, armed himself with a pair of scissors, and stabbed her, striking her in the head behind her right ear. She turned and raised her hands to ward off further attack, and was stabbed twice more, once in the hand and once on the upper arm.
She kicked her attacker and attempted to flee but he blocked her access to the front door. Raising the scissors as though to strike her again, he ordered her to remove her pants stating that he would kill her if she did not comply. She begged him not to hurt her any more and began to remove her jeans. As she did so she eased backwards towards the sliding glass door at the rear of the apartment. When she reached it, she dropped her pants, unhooked the door and ran outside into a small patio area. Screaming, she scrambled over a fence and ran up to the neighbor’s back door. The neighbor, who had been visiting with a friend in her living room, heard the' screaming and saw the victim running across her patio. She let her into her apartment and ran to notify the landlady of the incident while her friend administered aid to the victim who was bleeding profusely. Paramedics were called and the victim was transported to the hospital where she was treated and released.
While the victim was being treated at the hospital, police officers arrived at the apartment and began to conduct the investigation. They located a black notebook containing price lists and order forms from Ghapel Sales, Inc. on the sofa in the victim’s living room. Documents in the notebook indicated that it belonged to either Melvin Wright or someone by the name of “Redell”.
Through investigation it was ascertained that the salesmen for Chapel Sales Incorporated were staying at a motel in New Orleans East. Two days later the victim was transported to that location where a photo line-up was conducted. Redell Redd was positively identified by the victim as the attacker and was arrested.
ASSIGNMENT OF ERROR NO. 1
SUFFICIENCY OF EVIDENCE
Counsel for the appellant does not specify the deficiencies in the proof offered by the state. Nor does she offer anything but *782 a restatement of the Jackson standard of review as argument.
In assessing the sufficiency of evidence, the due process standard as stated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) requires that the reviewing court determine whether viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. This standard has been codified by LSA-C.Cr.P. art. 821.
When circumstantial evidence is used to prove the commission of the offense or any of its elements, all evidence, both direct and circumstantial, must be sufficient under Jackson to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt. See State v. Porretto, 468 So.2d 1142 (La.1985), at 1146.
In order to convict the defendant of attempted first degree murder, the state was required to prove (1) that Redd had the specific intent to kill the victim, (2) that he was engaged in the perpetration or attempted perpetration of one of the enumerated felonies, and (3) that he committed an act “tending directly toward the accomplishing of his object”.
The testimony elicited at trial established that the defendant committed an unprovoked and violent attack upon the victim which resulted in three stab wounds, one of which was to the head. During the attack the defendant threatened to kill the victim if she failed to comply with his command to disrobe. While the victim was treated and discharged from the hospital several hours after the attack, the treating physician testified that the head wound could have been life threatening had the skull been punctured or a blood vessel cut. He agreed, however, on cross-examination, that the wounds actually inflicted required no further attention than that given in the emergency room.
The specific intent to kill may be inferred from the accused’s entire conduct. This court citing Williams v. Maggio, 695 F.2d 119, 122 (5th Cir.1983), cert. den. 461 U.S. 917, 103 S.Ct. 1901, 77 L.Ed.2d 288 (1983), observed in State v. Smith, 520 So.2d 1252 (La.App. 5th Cir.1988), writ denied 523 So.2d 1320 (La.1988) at 1256. “Such intent might reasonably be implied from the intentional use of a deadly weapon to provide injuries involving serious risk of death.” See also State v. Butler, 322 So.2d 189 (La.1975).
The injuries actually inflicted in this case involved no serious risk of death to the victim. Compare State v. Latiolais, 453 So.2d 1266 (La.App. 3rd Cir.1984), writ denied 458 So.2d 125 (La.1984). Nevertheless, convictions for attempted murder have been sustained even where no actual injury to the victim has occurred. See State v. Odom, 511 So.2d 1214 (La.App. 2nd Cir.1987), writ denied 515 So.2d 446 (La.1987), where the circumstances indicate that the defendant possessed the specific intent to kill.
In addition to establishing the specific intent to kill and an act directed toward the accomplishment of the killing, the state was also required to prove that the offense was committed during the perpetration or attempted perpetration of one of the felonies enumerated in LSA-R.S. 14:30.
The state apparently relied on the proof elicited for the two charged felonies to suffice for proof of the underlying offense required for a conviction of attempted first degree murder.
The evidence elicited at trial clearly established that the defendant entered the victim’s apartment without authorization, armed himself or was armed, and seconds after entry stabbed the victim. At issue is only whether the defendant had the requisite specific intent to commit a theft or felony at the time of his unauthorized entry. State v. Lockhart, 438 So.2d 1089 (La.1983), appeal after remand 457 So.2d 176 (La.App. 2nd Cir.1984), State v. Bunch, 510 So.2d 1266 (La.App. 4th Cir.1987).
Since the attack on the victim commenced almost immediately following the defendant’s entry into the apartment there was sufficient evidence for the jury to infer the requisite specific intent necessary to *783 convict the defendant of aggravated burglary.
In order to convict the defendant of attempted aggravated rape, the state was required to establish (1) that the defendant had the specific intent to have vagina] or anal intercourse with the victim without her consent despite the victim’s utmost resistance; (2) that the defendant was armed with a dangerous weapon; and (3) that he committed an act in furtherance of the offense.
There is no question that the defendant was armed with a weapon and that he utilized the weapon to overcome the victim’s resistance.
Again at issue is only whether the defendant had the specific intent to engage in intercourse with the victim since he only ordered her, from across the room, to remove her pants. He did not touch her in a sexual manner, nor did he remove any of his own clothing or communicate anything to the victim prior to her escape to indicate what the purpose for the attack was.
Since the entire incident occurred after the defendant had stabbed the victim and out of fear for her life, there was sufficient evidence for the jury to convict the defendant of attempted aggravated rape. Only because the victim was able to escape was she spared any further attack by the defendant.
This assignment of error is without merit.
ASSIGNMENT Of ERROR NO. 2 ERRORS PATENT
Review of the record reveals no errors patent.
For the foregoing reasons, the conviction and sentence are affirmed.
AFFIRMED.