899 So.2d 633 (2005)
STATE of Louisiana, Appellee,
v.
Al Ray PRICE, Appellant.
No. 39,582-KA.
Court of Appeal of Louisiana, Second Circuit.
March 23, 2005.
*634 Paula C. Marx, Lafayette, James E. Beal, Jonesboro, for Appellant.
Don M. Burkett, District Attorney, Richard Z. Johnson, Jr., Assistant District Attorney, for Appellee.
Before WILLIAMS, STEWART and CARAWAY, JJ.
WILLIAMS, J.
The defendant, Al Ray Price, was charged by bill of information with possession with the intent to distribute a Schedule I Controlled Dangerous Substance ("CDS"), a violation of LSA-R.S. 40:966, and with a violation of the Uniform CDS Law within 1,000 feet of property used for school purposes. LSA-R.S. 40:981.3. Both charges arose from one act of carrying several bags of marijuana near a high school. The defendant pled guilty as charged. The district court sentenced the defendant to serve ten years at hard labor with credit for time served for each conviction, to be served concurrently. The court denied a timely motion for reconsideration of sentence which urged only the excessiveness of the sentences. The defendant appeals, urging the excessiveness of the sentences and the convictions violated his constitutional privilege against double jeopardy.
The matters of record show that on November 11, 2003, the defendant rode a bicycle to the gates of the Mansfield High School and appeared to be attempting to enter the school property. The defendant was found to be carrying several small bags which contained suspected marijuana. The North Louisiana Criminalistics Laboratory confirmed that the suspected contraband was marijuana.
The defendant argues that his convictions constitute double jeopardy in violation of the United States and Louisiana Constitutions. He argues that he cannot be convicted of LSA-R.S. 40:966 and LSA-R.S. 40:981.3 when they arise out of the same transaction.
The concept of double jeopardy, under both the federal and state constitutions, embodies the dual purpose of preventing both multiple punishments and multiple convictions for a single criminal wrong. Thus, every double jeopardy analysis must begin with the inquiry into whether a single offense or several offenses are involved. State v. Cotten, 438 So.2d 1156 (La.App. 1st Cir.1983), writ denied, 444 So.2d 606 (La.1984).
LSA-R.S. 40:966 provides that it shall be unlawful for any person knowingly or intentionally to possess with the intent to distribute a controlled dangerous substance classified in Schedule I (marijuana). LSA-R.S. 40:981.3 states that any person who violates a felony provision of LSA-R.S. 40:966 of the Uniform CDS Law while on any property used for school purposes by any school or within 1,000 feet of any such property, shall, upon conviction, be punished in accordance with Subsection E of LSA-R.S. 40:981.3.
The courts have held that LSA-R.S. 40:981.3 is a substantive offense and is not an enhancement statute. In State v. Wright, 95-377 (La.App. 3d Cir.11/8/95), 664 So.2d 712, the appellate court found that LSA-R.S. 40:981.3 was not an enhancement statute but a substantive offense because LSA-R.S. 40:981.3 contained elements that must be proved by the state at trial (i.e., the manufacture, distribution, or possession in a school zone) and was not merely applied after the trier of fact determined *635 guilt or innocence. Moreover, LSA-R.S. 40:981.3 imposed a mandatory minimum sentence for a substantive criminal offense. Accord, State v. Thomas, 95-2348 (La.App. 1st Cir.12/20/96), 686 So.2d 145, writ denied, 97-0192 (La.3/14/97), 690 So.2d 36, and Lay v. La. Dept. of Correction, XXXX-XXXX (La.App. 1st Cir.4/1/99), 734 So.2d 782, writ denied, XXXX-XXXX (La.9/17/99), 747 So.2d 1102. Thus, in the instant case, we have two crimes for purposes of analysis under the double jeopardy clause.
This court set forth the double jeopardy principles in State v. Lockhart, 457 So.2d 176 (La.App. 2d Cir.1984), and reaffirmed them in State v. Jacobs, 493 So.2d 766 (La.App. 2d Cir.1986), as follows:
The double jeopardy clause of the Fifth Amendment of the United States Constitution, made applicable to the state through the Fourteenth Amendment, provides that no person shall be "subject for the same offenses to be twice put into jeopardy of life or limb." Article 1, Section 15 of the 1974 Louisiana Constitution contains a similar guarantee.
In State v. Knowles, 392 So.2d 651 (La. 1980), the Louisiana Supreme Court citing Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), outlined the following criteria for examining violations of double jeopardy:
The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not. . . .
. . . .
Louisiana uses both the "Blockburger test" and the "same evidence test." State v. Vaughn, 431 So.2d 763 (La. 1983); State v. Steele, 387 So.2d 1175 (La.1980).
. . . .
The Louisiana Supreme Court explains the "same evidence test" in State v. Steele, supra, as follows:
If the evidence required to support a finding of guilt of one crime would also have supported the conviction of the other, the two are the same offense under a plea of double jeopardy, and a defendant can be placed in jeopardy for only one. The test depends on the evidence necessary for conviction, not all the evidence introduced at trial.
. . . .
The "same evidence test" is somewhat broader in concept than Blockburger, the central idea being that one should not be punished (or put in jeopardy) twice for the same course of conduct.

State v. Robertson, 511 So.2d 1237 (La. App. 2d Cir.1987), writ denied, 516 So.2d 366 (La.1988).
The Louisiana Supreme Court has held that as a general rule, double jeopardy bars separate punishment of lesser included offenses once the defendant is convicted of the greater offense. State v. Cotten, supra. To remedy a violation of double jeopardy, the reviewing court normally vacates the conviction and sentence of the less severely punishable offense, and affirms the conviction and sentence of the more severely punishable offense. State ex rel. Adams v. Butler, 558 So.2d 552 (La.1990); State v. Shrader, 38,327 (La. App.2d Cir.8/18/04), 881 So.2d 147; State v. Lee, 554 So.2d 180 (La.App. 2d Cir. 1989).
In order to prove the crime of possession with the intent to distribute a Schedule I CDS, the state must prove beyond a reasonable doubt that (1) the defendant *636 possessed, (2) a Schedule I CDS, (3) with the intent to distribute. In order to prove the crime of violation of the Uniform CDS Law within 1,000 feet of property used for school purposes, the state must prove beyond a reasonable doubt that (1) the defendant possessed, (2) a Schedule I CDS, (3) with the intent to distribute, (4) within 1,000 feet of school property or property used for school purposes.
All of the elements of LSA-R.S. 40:966 (the lesser offense) are required to secure a conviction under LSA-R.S. 40:981.3 (the greater offense). Only LSA-R.S. 40:981.3 requires an additional element not contained in LSA-R.S. 40:966. Because of the identical elements shared by the two crimes, the evidence required to support a finding of guilt under LSA-R.S. 40:981.3 would also support a conviction under LSA-R.S. 40:966.
Thus, in the instant case, since the elements of the drug violation near the school embrace all the elements of the underlying drug violation, and since the evidence required to support a finding of guilt of the drug violation near the school would also support a conviction of the underlying drug violation, the two convictions and the multiple sentences violate the double jeopardy clause of the United States and Louisiana Constitutions. Therefore, we must vacate the lesser conviction on the LSA-R.S. 40:966 charge and set aside that sentence.
In addition to his double jeopardy argument, the defendant argues that his sentences are excessive. Because the conviction and sentence on the LSA-R.S. 40:966 charge must be vacated due to the double jeopardy violation, and because the lower court imposed sentence on the basis that there were two violations of the law rather than one, we pretermit a discussion of the excessive sentence argument and remand this case to the district court for resentencing on the LSA-R.S. 40:981.3 conviction.

CONCLUSION
For the foregoing reasons, the conviction and sentence for possession with the intent to distribute a Schedule I CDS are vacated. The conviction for violation of the Uniform CDS Law within 1,000 feet of a school is affirmed, but the sentence is set aside. The case is remanded to the district court for resentencing.
VACATED IN PART; AFFIRMED IN PART; REMANDED FOR RESENTENCING.