816 So.2d 290 (2002)
STATE of Louisiana
v.
Charles CONWAY.
No. 2001-KP-2808.
Supreme Court of Louisiana.
April 12, 2002.
*291 PER CURIAM.
Writ granted; conviction and sentence reinstated. The district court could not and did not grant a motion for a new trial, since Conway did not file one and if he had he would have filed it untimely. La.C.Cr.P. art. 853. Properly viewing Conway's second filing at the district court as a supplement to his application for post-conviction relief, and assuming that a claim of "actual innocence" not based on DNA evidence under La.C.Cr.P. art. 926.1 is cognizable on collateral review under La.C.Cr.P. art. 930.3, see Ex parte Elizondo, 947 S.W.2d 202, 205 (Tex.Cr. App.1996); Summerville v. Warden, 229 Conn. 397, 641 A.2d 1356, 1369 (1994); People v. Washington, 171 Ill.2d 475, 216 Ill.Dec. 773, 665 N.E.2d 1330, 1336-37 (1996); but see Herrera v. Collins, 506 U.S. 390, 416-17, 113 S.Ct. 853, 869, 122 L.Ed.2d 203 (1993); Johnson v. State, 321 Ark. 117, 900 S.W.2d 940, 950 (1995); State v. Watson, 126 Ohio App.3d 316, 710 N.E.2d 340, 344-45 (1998), the district court erred in granting relief because Conway did not make a bona fide claim of actual innocence. Such a claim must involve "new, material, noncumulative," and 2 "conclusive" evidence, Washington, 216 Ill. Dec. 773, 665 N.E.2d at 1337, which meets an "extraordinarily high" standard, Summerville, 641 A.2d at 1372-75, and which "undermine[s] the prosecution's entire case," In re Clark, 5 Cal.4th 750, 21 Cal. Rptr.2d 509, 855 P.2d 729, 739 (1993), while Conway on collateral review merely advanced an "alternative and inconsistent" theory of defense to the one he offered at trial, a tactic our jurisprudence prohibits. See generally State v. Juluke, 98-0341, p. 4-5 (La.1/8/99), 725 So.2d 1291, 1293.