958 So.2d 787 (2007)
STATE of Louisiana, Respondent,
v.
Wilbert ROBERTSON, Applicant.
No. 42,247-KH.
Court of Appeal of Louisiana, Second Circuit.
June 25, 2007.
Wilbert Robertson Pro Se.
Paul J. Carmouche, District Attorney, for Respondent.
Before BROWN, STEWART, and PEATROSS, JJ.
WRIT DENIED. MOTION FOR ENFORCEMENT DENIED.
Applicant was convicted of rape and his conviction was affirmed in 1987. State v. Robertson, 511 So.2d 1237 (La.App. 2d Cir. 1987), writ denied, 516 So.2d 366 (La. 1988). Pursuant to La. C. Cr. P. art. 926.1, applicant petitioned for DNA testing of certain evidentiary items used to convict. On remand, the trial court has denied applicant's motion for DNA testing.
The trial court denied relief, finding that applicant failed to show an "articulable *788 doubt" as to his innocence that DNA testing would resolve, citing the standard set forth in State v. Conway, 01-2808 (La.04/12/02), 816 So.2d 290.
Articulable doubt, factual innocence and actual innocence.
The question presented in this writ is the threshold showing necessary to obtain DNA testing.
The DNA testing statute appears to be directed toward freeing the innocent, and not toward a reweighing of the evidence used to convict. Only in those cases will testing be permitted in which (1) [a factual explanation of why] there is an articulable doubt as to guilt and, more importantly, (2) DNA testing will "resolve the doubt and establish the innocence of the petitioner." La. C. Cr. P. art. 926.1 B(1).
La. C. Cr. P. art. 930.3 provides that:
If the petitioner is in custody after sentence for conviction for an offense, relief shall be granted only on the following grounds:
....
(7) The results of DNA testing performed pursuant to an application granted under Article 926.1 proves by clear and convincing evidence that the petitioner is factually innocent of the crime for which he was convicted.
In applicant's case, the evidence, as taken from the court's opinion in State v. Robertson, supra, indicates that during the 1985 attack, the twenty year old female victim, alone in her house, was awakened by a male intruder. The victim was able to see her attacker and later identify him in both photographic and physical lineups and in open court. The police dusted the point of entry, a window opening into a back bedroom, and latent fingerprints were discovered. The prints lifted from the victim's window positively matched the defendant's prints. Serological evidence (seminal fluid) was found and was consistent with having come from the applicant, and not from the victim's common-law husband with whom she had sex that day. Applicant also made statements to the police, which this court characterized as "inculpatory."
We also note that applicant's challenge to the sufficiency of the evidence on appeal was to the lack of resistance, the degree of force used, and proof that the offender was armed. Proof of identity was not challenged. The present claim, that DNA testing would establish that he was not the attacker, is an "alternative and inconsistent" theory of defense to the one he offered at trial, a tactic prohibited in State v. Juluke, 98-0341(La.01/08/99), 725 So.2d 1291[1], as cited in State v. Conway, supra.
We find that the trial court did not err in denying DNA testing, because the testing, even if resolved in favor of the applicant, would not "establish his innocence" of the crimes for which he was convicted. The DNA testing statute is an extraordinary post-conviction remedy designed to free the innocent, and it is not an alternative form of motion for new trial based on newly discovered evidence. La. C. Cr. P. art. 851, et seq. While a favorable DNA test in this case, had it been available and presented as evidence at trial in 1987, might have been persuasive to a *789 jury to establish a reasonable doubt of guilt, it does not now provide "clear and convincing evidence" of the applicant's factual innocence of the crime, and would not provide grounds for the granting of post-conviction relief under La. C. Cr. P. art. 930.3(7). Accordingly, the writ is denied.
NOTES
[1] On remand, 96-1920 (La.App. 4th Cir.01/27/99), 735 So.2d 142, writ denied, 99-1419 (La.10/15/99), 748 So.2d 466.