11 WRIT DENIED.
Because the trial court correctly concluded that DNA testing was not warranted under La. C. Cr. P. art. 926.1, the writ is denied.
The applicant was convicted of armed robbery and manslaughter in the robbery and killing of Joe Raspberry. His convictions and sentences were affirmed in an unpublished opinion. State v. Edwards, 40,423 (La.App.2d Cir.12/14/05), 918 So.2d 61, writ denied 06-0819 (La.10/13/06), 939 So.2d 355.
The applicant, claiming that the tests would show his innocence of the crimes charged, moved for DNA testing under La. C. Cr. P. art. 926.1.
A review of this court’s opinion shows that either an inconclusive test (which does not identify anyone) or a negative test (merely excluding the petitioner here as a person who could have been the source of the materials tested) will not exculpate the petitioner, or prove by “clear and convincing evidence” thatphe is factually innocent of crime. Further, testing which positively identified Sash Wynne (the brother of Rayna Wynne, the primary witness against Edwards) as the contributor of any testable material associated with the cap found under the body would not exculpate the petitioner because the testimony indicated that the cap was associated with Wynne, as well as Edwards.
Similarly, evidence relating to who left blood traces at the crime scene would have no effect. Rayna Wynne testified that she *852 was cut during the struggle between the victim and his killer. The presence of her blood (even in a place she denied having been in the house) would do no more than lessen her credibility, and would not establish that the petitioner was “factually innocent” of the crime.
The cases of State v. Conway, 01-2808 (La.04/12/02), 816 So.2d 290, and State v. Robertson, 42,247 (La.App.2d Cir.06/25/07), 958 So.2d 787, are both “alternate and inconsistent theories of defense” cases (a tactic prohibited in State v. Juluke, 98-0341(La.01/08/99), 725 So.2d 1291).
The present case is not an “alternate and inconsistent theory of defense” case because the petitioner’s claim is the same, that others committed the crime and that he did not. This case involves a factual scenario in which the DNA evidence will not serve to “resolve the doubt and establish the innocence of the petitioner” as required by the article.
In arguing his claim, the petitioner argues that the testing of the cap and blood traces would “augment his claim of innocence.” As noted in Robertson, the DNA testing article is not another form of motion for new trial, based on new evidence (the DNA) which will serve to call the state’s case into question, and perhaps warrant a re-trial. The standard applied to the threshold question of DNA testing itself is whether the test results will establish the innocence of the petitioner by clear and convincing evidence. In this case, regardless of the outcome of the testing, the DNA testing will not establish that the petitioner is factually innocent. The trial court was correct in denying DNA testing, and the writ is denied.