PER CURIAM.
 

 11 The recent confession made by respondent’s co-defendant occurred only after the co-defendant completed serving his manslaughter sentence for the same crime and, thus, only after the co-defendant no longer faced any further prosecution for that crime. Even assuming the confession qualified as “facts not known to petitioner or his attorney,” and thus exempted respondent from the prescriptive period of La.C.Cr.P. art. 930.8, the evidence does not constitute “new, material, noncumulative and conclusive evidence, which meets an extraordinarily high standard, and which undermine[s] the prosecution’s entire case” as set out in
 
 State v. Conway,
 
 01-2808 (La.4/12/02), 816 So.2d 290.
 
 Cf. United States v. Reyes-Alvarado,
 
 963 F.2d 1184, 1188 (9th Cir,1992)(“It would encourage perjury to allow a new trial once co-defendants have determined that testifying is no longer harmful to themselves. They may say whatever they think might help their co-defendant, even to the point of pinning all of the guilt on themselves,
 
 *172
 
 knowing they are safe from retrial. Such testimony would be untrustworthy and should not be encouraged.”);
 
 State v. Perique,
 
 340 So.2d 1369, 1377 (La.1976)(“[W]e do not consider that, after a joint trial, an allegation in a motion for a new trial by one co-defendant that the other co-defendant will now testify on his behalf is a sufficient ground for the granting of a new trial.”).
 

 | ¡Accordingly, the writ is granted. The judgment of the court of appeal vacating the district court’s dismissal of respondent’s application for post-conviction relief is reversed. The district court’s ruling is reinstated.