PER CURIAM.
hWrit granted. Relator, whose conviction and sentence became final in 2002, filed an application for post-conviction relief in 2014 alleging that the primary witness against him had recanted. In support, he provided an affidavit from the witness in which he stated that he had falsely testified and alleged police and prosecutorial misconduct. The district court denied the application as procedurally barred and the court of appeal denied writs based on relator’s failure to allege that the facts upon which the claim was predicated were not known to his trial attorney. State v. Hurst, 14-1313, p. 5 (La.App. 4 Cir. 2/2/15) (unpub’d) (“Without even an assertion that his attorneys did not know of these facts, the trial court did not err by sustaining the State’s procedural objections as to timeliness of the claims under La.C.Cr.P. art. 930.8.”).
The court of appeal and the district court erred. The affiant stated that he had not previously revealed the information to any investigator or attorney representing relator. Under the circumstances, it is reasonable to infer that trial counsel was unaware of the facts upon which the instant claim is based, although relator did not explicitly allege that trial counsel lacked the knowledge. Relator’s application and |2supporting materials sufficiently demonstrate that the facts upon which his claims are predicated were not known to relator or his prior attorney and therefore the exception to the post-conviction limitations period applies. See La.C.Cr.P. art. 930.8(A)(1).
The matter is remanded to the district court for an evidentiary hearing on the merits of relator’s claims. See Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972); Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959); see also State v. Pierre, 13-0873 (La.10/15/13), 125 So.3d 403; State v. Conway, 01-2808 (La.4/12/02), 816 So.2d 290.
JOHNSON, C.J., would deny the writ.
GUIDRY, J., would deny the writ.
CLARK, J., would deny the writ.