2015-1699 (La. 11/15/16)

**STATE EX REL. Rocarldo Rernard WEITERS**

v.

**STATE of Louisiana**

**No. 2015–KH–1699**

Supreme Court of Louisiana.

11/15/2016

PER CURIAM:

Denied. Relator fails to show he received ineffective assistance of counsel under the standard of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Relator's actual innocence claim based on his co-defendant's statements does not warrant relief. La. C.Cr.P. art. 930.2; see State v. Pierre, 13–0873 (La. 10/15/13), 125 So.3d 403; State v. Conway, 01–2808 (La. 4/12/02), 816 So.2d 290. Relator's remaining claim concerning the improper jury instruction is repetitive. La.C.Cr.P. art. 930.4.

Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended La.C.Cr.P. art. 930.4 to make the procedural bars against successive filings mandatory. Relator's claims have now been fully litigated in state collateral proceedings in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.

HUGHES, J., would grant the writ and order an evidentiary hearing.