PER CURIAM:
Granted. The district court's ruling dismissing petitioner's actual innocence and ineffective assistance of counsel claims is reversed, and the claims are remanded for consideration after an evidentiary hearing. See La.C.Cr.P. art. 930.8(A)(1) ; see also State v. Pierre , 13-0873, p. 4 (La. 10/15/13), 125 So.3d 403, 409 (new evidence of actual innocence must be so compelling that no reasonable juror could have voted to convict with knowledge thereof); State v. Conway , 01-2808, p. 1 (La. 4/12/02), 816 So.2d 290, 291 (assuming post-conviction claims of actual innocence not based on DNA evidence are cognizable, they must be supported by new, material, noncumulative and conclusive evidence which meets an extraordinarily high standard, and which undermines the prosecution's entire case).
CLARK, J., would deny.
CRICHTON, J., would deny and assigns reasons.
I would deny the defendant's writ application. Following inculpatory statements to law enforcement officers coupled with a demonstration of how she shook her infant son (to death), Relator Brittany Tyson was charged with First Degree Murder. She pled guilty to a reduced charge of manslaughter; in doing so, she waived all non-jurisdictional defects. See State v. McKinney , 406 So.2d 160 (La. 1981). She did not seek direct review and later filed an untimely application for post-conviction relief which alleges non-DNA claims of actual innocence and ineffective assistance of *585 counsel. I would deny both on untimeliness grounds and alternatively on the merits under the rationale set forth in State v. Pierre , 13-0873 (La. 10/15/13), 125 So.3d 403 and State v. Conway , 01-2808 (La. 4/12/02), 816 So.2d 290.