STATE OF LOUISIANA

VERSUS

FRANK KANG

NO. 19-KH-227

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

March 17, 2020

Mary E. Legnon
Chief Deputy Clerk

**IN RE** FRANK KANG

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT
COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE
DANYELLE M. TAYLOR, DIVISION "O", NUMBER 00-1409

Panel composed of Judges Jude G. Gravois,
Marc E. Johnson, and Stephen J. Windhorst

## WRIT DENIED

Relator, Frank Kang, seeks review of the district court's March 14, 2019 ruling denying his second Application for Post-Conviction Relief (second APCR), a Motion to Supplement Second Application for Post-Conviction Relief with Additional Evidence of Actual Innocence (motion to supplement), and a Motion to Supplement Second Application for Post-Conviction Relief with Newly Discovered Evidence (motion to supplement with newly discovered evidence). For the following reasons, we deny relator's writ.

Procedural History

On November 16, 2000, a jury found Kang guilty of second degree murder. He is currently serving a sentence of life imprisonment at hard labor without benefits for this conviction. On November 21, 2005, relator filed his first APCR, which the district court denied on May 4, 2006. After multiple proceedings and hearings in the district court, and review by this Court and the Louisiana Supreme Court, Kang was unable to obtain post-conviction relief.

Federal Court Proceedings

On June 25, 2015, Kang filed a federal habeas petition in the United States District Court for the Eastern District of Louisiana, whereupon a hearing was held on February 17, 2016. On March 7, 2016, Judge Wilkinson issued a Stay Order and Reasons, staying the federal habeas corpus proceeding until "after the finality of all state post-conviction review through the Louisiana Supreme Court related to the unexhausted claims and arguments asserted in the original petition and the

19-KH-227

supplemental memorandum in support of the petition." Judge Wilkinson concluded that Kang's ineffective assistance of counsel claims were not "plainly meritless," and that he had "presented a colorable actual innocence argument as a basis to excuse any state imposed procedural default of his ineffective assistance of trial counsel claims."

State Court Proceeding on Kang's Second APCR

After Judge Wilkinson's March 7, 2016 Order, on May 3, 2016, Kang, through new post-conviction counsel, filed a second APCR with the district court. On February 27, 2018, the district court summarily denied relator's second APCR finding that it was untimely, repetitive, and successive. Kang filed a writ application challenging the denial of his second APCR and discovery motions with this Court. On January 9, 2019, this Court vacated the district court's February 27, 2018 denial of Kang's second APCR and the denial of his discovery motions. State v. Kang, 18-KH-155 (La. App. 5 Cir. 1/9/19) (unpublished writ disposition). Further, this Court remanded the matter for the district court to address whether Kang has presented newly discovered exculpatory evidence sufficient to meet the exceptions of the time bar under La. C.Cr.P. art. 930.8 and successive filings under La. C.Cr.P. art. 930.4, and if so, to then consider the merits of Kang's discovery motions and his second APCR, and to conduct an evidentiary hearing, if necessary. Id.

On January 15, 2019, Kang filed a Motion to Supplement Second Application for Post-Conviction Relief with Additional Evidence of Actual Innocence (motion to supplement) with the district court. Kang also filed a Motion to Supplement Second Application for Post-Conviction Relief with Newly Discovered Evidence (motion to supplement with newly discovered evidence) with the district court on March 8, 2019. On March 14, 2019, the district court denied the second APCR, the motion to supplement, and the motion to supplement with newly discovered evidence.

In its March 14, 2019 ruling, the district court reviewed Kang's alleged newly discovered evidence. It determined that none of the listed evidence qualified as newly discovered evidence for purposes of La. C.Cr.P. art. 930.8(A)(1)[1] inasmuch as the facts upon which his claims were predicated were located in the court record months prior to trial, or known to trial counsel, and/or known to relator at the time of the shooting. The district court determined, in pertinent part:

> The Buras report and Quoc Nguyen [sic] statement and line-ups
> were all located in the court record prior to trial. Petitioner is imputed

---

[1] In the March 14, 2019 ruling, the district court specifically outlined relator's alleged "new" evidence as follows: Lieutenant Buras's supplemental police report dated March 4, 2000 (located in court record pre-trial 6/22/2000); transcript of Quoc Nguyen statement dated March 4, 2000 (located in court record pre-trial 6/22/2000); the line-ups shown to Quoc Nguyen by Lieutenant Buras (located in court record pre-trial 6/22/2000); James Oh's affidavit recanting post-arrest statement and swearing Duy Hoang was the shooter; Frank Kang's affidavit explaining why he confessed; Charlie Kang's affidavit discussing events after the shooting; statement of Thaddeus Johnson, Duy Hoang's cellmate, stating Duy Hoang said he was the shooter; statement of William Smith stating Duy Hoang said he was the shooter and Kang was taking the charge; attorney Davidson Ehle's affidavit stating he was unaware of Quoc Nguyen's identification of Duy Hoang as the shooter; attorney Jim Williams' response to a bar complaint; trial investigator Steve Halbert's affidavit; Chan Won Kang's affidavit; letter from Duy Hoang to Frank Kang; "minute entry email" from the Jefferson district court's clerk of court to Sam Dalton (post-conviction counsel) stating JPSO had ordered them not to produce gunshot residue kit; and photograph of relator.

to know said information. Moreover, Kang's father states in his affidavit that they became aware of said statements when Laurie White was acting as appellate counsel. Kang's father does not supply an exact date, but states it was after direct appeal in 2005, and it must have been prior to 2007, when she was seated as Criminal District Court for the Parish of Orleans. Regardless, this was much longer than 2 years ago. Additionally, as Kang's father states, the report and statements were found in trial counsel's files. Newly discovered evidence is not the same this [sic] as late discovered evidence. Thus, any claims arising from this "evidence" is barred from review as untimely.

Mostly, the other evidence mostly pertains to Kang's false confessions, taking the charge, committed perjury at trial, coerced by co-defendants to confess, etc. … None of this information qualifies as "newly discovered evidence," as Frank Kang was present at the time of the shooting. … He never tried to prove that he was not the shooter. Assuming arguendo that the multiple statements now put forth as "evidence" are in fact true, which is quite questionable, all of those facts for which the claims are predicated were clearly known to Frank Kang at the time they occurred. He was present.

As for Quoc Nguyen's affidavit, the district court found that (1) this affidavit reiterates information that was in the supplemental police report and statements located in the court record prior to trial; (2) was submitted nineteen years after the shooting in this case; and (3) failed to satisfy the due diligence requirement as the facts upon which the information is based was clearly known to relator at the time of the incident.

Considering the above and that this case became final in 2004, the district court found that Kang failed to meet his burden of proving the due diligence requirement set forth in La. C.Cr.P. art. 930.8(A)(1) specifically noting that "he cannot prove due diligence in attempting to discover his own alleged deception during trial"; that the second APCR was untimely filed; that the second APCR was successive and repetitive citing La. C.Cr.P. art. 930.4(D) and (E); and that Kang's claim of ineffective assistance of post-conviction counsels was procedurally barred in that it is not a cognizable claim under La. C.Cr.P. art. 930.3.

On the same date as the May 13, 2019 return date, relator, through post-conviction counsels, filed the instant writ application seeking review of the district court's March 14, 2019 ruling. Relator claims that despite this Court's remand, the district court "again procedurally defaulted" the second APCR without first holding an evidentiary hearing on whether the evidence was newly discovered.

For the reasons discussed, we find no error in the March 14, 2019 ruling based on the showing made.

Law and Analysis

Relator asserts that his actual innocence claim excuses any procedural defaults.[2] The Louisiana Supreme Court has held that a *bona fide* claim of actual

---

[2] Kang seeks review of the denial of the second APCR and his discovery requests and raises the following issues: 1) whether the district court erred in failing to find that his actual innocence excuses any procedural default; 2) whether the district court erred in finding that his post-conviction counsels' ineffective assistance

3

innocence must involve "new, material, noncumulative," and "conclusive" evidence, which meets an "extraordinarily high" standard and undermines the prosecution's case. State v. Conway, 01-2808 (La. 4/12/02), 816 So.2d 290, 291. In State v. Pierre, the supreme court stated that in order for petitioner to meet the threshold requirement for an actual innocence claim, he must show that in light of new evidence, no juror, acting reasonably would have voted to find him guilty beyond a reasonable doubt. Pierre, 13-873 (La. 10/15/13), 125 So.3d 403, 409.

After carefully reviewing the record, we find that relator does not meet the extraordinarily high standard set forth by the Louisiana Supreme Court to state a *bona fide* claim of actual innocence. At his 2000 trial, relator not only relied on a self-defense theory but testified that he shot the victim. Specifically, at trial, relator testified that "As the car was coming, I just ducked down like this and started shooting the gun. It was so powerful, it was just going everywhere." Twelve years later, in 2012, relator first advanced an alternate and inconsistent defense that he was not the shooter. Clearly, relator was aware that he could have presented a defense that he was not the shooter given that he still admits that he was present during the crime. Thus, it is highly suspicious that he waited so many years to raise it and makes the reliability of the recently-obtained affidavits presented in the second APCR questionable, particularly given that they are not supported by any other documentation. Further, even if relator is now being truthful that he lied to the police and perjured himself at trial, he does not meet the burden of proving the "extraordinary high standard" that he is actually innocent, even in his recent attempt to set forth alleged newly discovery evidence.

In addition, Louisiana case law also provides that recantations "are highly suspicious," and except in rare exceptions, a new trial should not be granted on the basis of a recantation because it is tantamount to perjury so as to discredit the witness at a later trial. State v. Clayton, 427 So.2d 827, 822 (La. 1982) and State v. McClain, 04-98 (La. App. 5 Cir. 6/29/04), 877 So.2d 1135, writ denied, 04-1929 (La. 12/10/04), 888 So.2d 835. In State v. Watts, 00-602 (La. 1/14/03), 835 So.2d 441, the court considered the defendant's newly discovered evidence claim meritorious but it still stated, "It is appropriate to be skeptical when newly discovered evidence is offered after a trial. Such evidence must be thoroughly and cautiously scrutinized." In the case at hand, relator's alternate and inconsistent defense is based on a recantation that he falsely confessed at the urging of the real shooter, Duy Hoang. Further, relator seeks relief based on his co-defendant's recantation of the events surrounding the shooting. He also provides the March 7, 2019 affidavit of Quoc Nguyen, an independent witness, who now attests that he told JPSO that Duy Hoang was the shooter. Relator, Duy Hoang, and James Oh were all indicted for second degree murder in this matter. However, relator cannot "switch places" with Duy Hoang at this late stage in the proceedings in complete contradiction to the defense he presented at trial and to which he confessed at trial. Even if relator is now being truthful that he lied to the police and perjured himself at trial, he has not set forth any other documents or evidence that would now substantiate his

---

excuses any procedural default; 3) whether the district court erred in finding that his claim of actual innocence was repetitive when the Louisiana Supreme Court recognized actual innocence as a stand-alone claim while the second APCR was pending; 4) whether the district court erred in finding that relator did not timely submit the newly discovered evidence in support of his post-conviction claims; 5) whether the district court erred in finding that his claims of ineffective assistance of counsel are not cognizable in an APCR; and 6) whether the district court erred in procedurally defaulting the second APCR without first allowing him discovery on disputed issues of fact that cannot be resolved on the pleadings and without first conducting an evidentiary hearing.

4

recantation or the new statements from witnesses, or like in <u>Pierre</u>, he has not made an "affirmative case of 'conclusive exoneration.'"

Although intertwined with his actual innocence argument, we next consider relator's arguments regarding the alleged newly discovered evidence. In his writ application, relator asserts that he did not know at the time of trial, or in the early stages of his first post-conviction proceedings, that there was evidence known to the State that corroborated what actually happened and that was inconsistent with his false confession.

On remand, we instructed the district court to address "Whether relator has presented newly discovered exculpatory evidence that meets the exception of the time bar under La. C.Cr.P. art. 930.8, and the exception for successive filings." <u>State v. Kang</u>, *supra*. The March 14, 2019 order indicates that the district court considered relator's alleged "new" evidence and set forth reasons the evidence failed to qualify as newly discovered evidence under La. C.Cr.P. art. 930.8. We find that the district court properly determined that "The facts upon which all of the claims are predicated were either located in the court record months prior to trial, known to trial counsel, and/or known to the petitioner at the time of the shooting." In light of the fact that the alleged new evidence is to further an alternate and inconsistent defense that relator was not the shooter but was present at the shooting, we find this conclusion an accurate summation. Because relator was present at the shooting, he had knowledge of the facts that he now seeks to provide evidence to support. The exception in La. C.Cr.P. art. 930.8(A)(1) applies to "facts upon which the claim is predicated were not known to the petitioner or his prior attorneys."

Further, we cannot say the district court erred in finding that none of the alleged new evidence qualified under La. C.Cr.P. art. 930.8, after we remanded for further consideration on that issue. The Buras report, Quoc Nguyen's statement, the substantive portion of his grand jury testimony, and line-ups were located in the court record and provided to the defense prior to trial. In his affidavit, relator's father acknowledges that the report and statements were found in trial counsel's files. As recognized by the district court, newly discovered evidence and late discovered evidence are not the same. While relator presents evidence pertaining to his false confessions for pleading guilty for Duy Hoang, committing perjury at trial, or being coerced by co-defendants to confess, none of these new arguments qualify as "newly discovered evidence" because relator was present at the time of the shooting and his obtaining this evidence results from his late decision to try to prove that he was not the shooter. Given that relator relied on self-defense at trial, it appears unlikely he would have presented this evidence in light of the fact that it contradicts a defense based on self-defense.

We also find no error in the district court's conclusion that relator is not entitled to application of the exception to the time bar under La. C.Cr.P. art. 930.8(A)(1) because he cannot meet the due diligence requirement.

As to relator's argument that ineffective assistance of post-conviction counsels excuses any procedural defects, we find that the district court did not err in finding that this claim was procedurally barred from review as it is not a claim cognizable in Louisiana. *See* La. C.Cr.P. art. 930.3. This Court is bound by the Louisiana Supreme Court's ruling in <u>State v. Deloch</u>, 13-1975 (La. 5/16/14), 140 So.3d 1167. In <u>Deloch</u>, the Louisiana Supreme Court held that unlike the rule allowing federal courts conducting habeas review of final state court convictions to

consider the merits of a claim otherwise procedurally defaulted, that decision is not applicable to post-conviction claims raised in state court. Id. In other words, relator's claim that his post-conviction counsels were ineffective does not excuse procedural defects in Louisiana post-conviction proceedings. Id. See also In re Sepulvado, 707 F.3d 550, 553 (5th Cir. 2013), which held that the ruling in Martinez v. Ryan does not confer a constitutional right to effective assistance of post-conviction counsel nor does it allow a defendant to present an otherwise procedurally defaulted ineffective assistance of counsel claim. Martinez, 566 U.S. 1, 132 S.Ct. 1309, 182 L.Ed. 2d 272 (2012) (holding that inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial).

After careful review of the instant writ application, the State's opposition to the application, and all the documents presented by the parties, we find no error in the district court's March 14, 2019 ruling summarily denying the second APCR as untimely and successive as well as denying the motion to supplement, and the motion to supplement with newly discovered evidence. Accordingly, we deny this writ.

Gretna, Louisiana, this 17th day of March, 2020.

**SJW**
**JGG**
**MEJ**

6

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT
101 DERBIGNY STREET (70053)
POST OFFICE BOX 489
GRETNA, LOUISIANA 70054
www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY <u>03/17/2020</u> TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**19-KH-227**

### E-NOTIFIED

Avery B. Pardee (Relator)
Darren A. Allemand (Respondent)

Terry M. Boudreaux (Respondent)
Thomas J. Butler (Respondent)

### MAILED

Michael W. Magner (Relator)
Attorney at Law
201 St. Charles Avenue
50th Floor
New Orleans, LA 70170

Honorable Paul D. Connick, Jr.
(Respondent)
District Attorney
Twenty-Fourth Judicial District
200 Derbigny Street
Gretna, LA 70053