STATE OF LOUISIANA      *      NO. 2020-K-0233

VERSUS      *

     COURT OF APPEAL

DARRILL HENRY      *

     FOURTH CIRCUIT

     *

     STATE OF LOUISIANA

* * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 451-696, SECTION "G"
Honorable Dennis J. Waldron, Judge
* * * * * *
**Judge Joy Cossich Lobrano**
* * * * * *

(Court composed of Judge Terri F. Love, Judge Joy Cossich Lobrano, Judge Sandra Cabrina Jenkins)

*Jenkins. J., Dissents and Assigns Reasons*

Leon A. Cannizzaro, Jr.
District Attorney
Kyle Daly
Assistant District Attorney
Parish of Orleans
619 South White Street
New Orleans, LA 70119


     COUNSEL FOR RELATOR


Letty S. Di Giulio
Law Office of Letty S. Di Giulio
1055 St. Charles Avenue,
Suite 208
New Orleans, LA 70130

Vanessa Potkin
Innocence Project, Inc.
40 Worth Street, Suite 701
New York, NY 10013

Aaron Delaney
Johan E. Tatoy
Ariane Rockoff-Kirk
Daniel R. Friel
Paul, Weiss, Rifkind, Wharton,
& Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064

COUNSEL FOR RESPONDENT

**WRIT GRANTED; VACATED; REMANDED.**

**JULY 22, 2020**

*JCL, TFL*     The State has filed the instant writ application seeking review of the

district court's ruling of March 11, 2020, which granted the application for post-

conviction relief filed by defendant, Darrill Henry ("Defendant"), and ordered a

new trial based on newly discovered DNA evidence. For the reasons that follow,

we grant the State's writ, vacate the ruling of the district court, and remand the

matter for further proceedings.

On September 2, 2004, the State indicted Defendant on two counts of first-

degree murder in violation of La. R.S. 14:30. On August 31, 2011, the jury

unanimously found Defendant guilty as charged. During the penalty phase, the jury

recommended life sentences and on May 24, 2012, the district judge sentenced

Defendant to life imprisonment without benefit of parole, probation, or suspension

of sentence on both counts. This court affirmed Defendant's convictions and

sentences on August 6, 2014, and the Louisiana Supreme Court denied review.[1]

---

[1] *See State v. Henry*, 13-0059 (La.App. 4 Cir. 8/6/14), 147 So.3d 1143, *writ denied*, 14-1869 (La. 4/10/15), 164 So.3d 831. The United States Supreme Court denied Defendant's petition for writ of certiorari on November 2, 2015. *See Henry v. Louisiana*, 136 S. Ct. 402, 193 L. Ed. 2d 339 (2015).

1

On October 26, 2016, Defendant filed a timely application for post-conviction relief, which included a request to conduct DNA testing on one of the victim's wallet and fingernail scrapings collected during her autopsy pursuant to La. C.Cr.P. art. 926.1.[2] The State did not object to the testing and the request was granted.

On November 29, 2018, Defendant filed an amended application arguing, among other things, that the results of the DNA testing established that Defendant is factually innocent of the crime under La. C.Cr.P. art. 930.3(7).[3] In support, Defendant submitted two reports by Forensic Analytical Crime Lab ("FACL"), which allegedly showed that the testing of the victim's wallet and her right hand fingernail scrapings exonerated Defendant.

The evidentiary hearing on the DNA innocence claim came before the district court on September 9-10, 2019. Alan Keel of FACL, an expert in forensic serology and DNA analysis, testified for the defense and Anne Montgomery, an expert in DNA analysis, was called by the State. Keel testified that Defendant was

---

[2] La. C.Cr.P. art. 926.1(A)(1) states in pertinent part:

> Prior to August 31, 2024, a person convicted of a felony may file an application under the provisions of this Article for post-conviction relief requesting DNA testing.

[3] La. C.Cr.P. art 930.3 states in pertinent part:

> If the petitioner in custody after sentence for conviction of an offense, relief shall be granted only on the following grounds:
>     *   *   *
> (7) The results of DNA testing performed pursuant to an application granted under Article 926.1 proves by clear and convincing evidence that the petitioner is factually innocent of the crime for which he was convicted.

"absolutely excluded as the source of that DNA," obtained from the victim, while Montgomery testified that the results of FACL's DNA testing neither exonerated nor inculpated Defendant as the assailant.

After the hearing, both Defendant and the State filed post-hearing memoranda. The district court heard arguments from counsel on March 5, 2020 and took the matter under advisement.

On March 11, 2020, the district court issued a ruling that vacated Defendant's conviction based on the DNA evidence and ordered a new trial.[4] The State timely filed its writ application.

Post-conviction relief is governed by La. C.Cr.P. arts. 924 *et seq*. As a general matter, the petitioner has the burden of proving that relief should be granted. La. C.Cr.P. art. 930.2.

La. C.Cr.P. art. 930.3 sets forth the grounds for granting post-conviction relief where the petitioner is in custody after sentencing and conviction. La. C.Cr.P. art. 930.3(7) provides specifically that post-conviction relief shall be granted when the "results of DNA testing performed pursuant to an application granted under Article 926.1 proves **by clear and convincing evidence that the petitioner is factually innocent of the crime for which he was convicted**." (Emphasis added).

When the district court bases its ruling on an erroneous view of the law, appellate courts apply a *de novo* standard of review. *State in Interest of K.C.C.*, 15-

_____

[4] The district court set bail for Defendant and Defendant was released from prison.

1429, p. 4 (La. 1/27/16), 188 So.3d 144, 146; *State in the Interest of G.S.,* 19-0605, p. 5 (La.App. 4 Cir. 12/4/10), 287 So.3d 752, 756.

In its written reasons, the district court stated that before it was "defendant's Motion for New Trial, based on newly discovered DNA evidence." It noted that under La. C.Cr.P. art. 851(B)(3), a new trial shall granted based on new and material evidence "if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty." The district court noted that the jury relied on the testimony of three eyewitnesses to convict Defendant. However, "[a]rmed with that newly discovered evidence, a reasonable juror could conclude the defendant was not the killer" and the DNA evidence could "counter eyewitness testimony to such a degree, so as to create a reasonable double as to the defendant's guilt." The court held that the newly discovered DNA evidence was "indeed fit for a new jury's judgment; that a new jury may very well reach a difference conclusion; that the newly discovered evidence may, at a minimum lead to a hopelessly deadlocked jury; and that ultimately a new trial is mandated." The district court was convinced that the "interest[s] of justice and the concept of fundamental fairness" required that a new trial be granted because it was "highly probable that the newly discovered evidence would have produced a difference result" at trial.

At no point did Defendant file a motion for new trial under La. C.Cr.P. art. 851(B)(3).[5] Despite this, however, the district court applied the standard set forth in La. C.Cr.P. art. 851(B)(3), not a post-conviction claim of innocence pursuant to

---

[5] In fact, a motion for new trial based on newly discovered evidence at this stage in the proceedings would have been untimely. *See* La. C.Cr.P. art. 853(B) (stating a motion for new trial under La. C.Cr.P. art. 851(B)(3) should be filed within one year after the verdict).

4

La. C.Cr.P. art. 930.3(7). As argued by Defendant, we do not find that the district court's use of the words, "highly probable," satisfy La. C.Cr.P. art. 930.3(7).

The "clear and convincing standard" under La. C.Cr.P. art. 930.3(7), requires proof by more than a preponderance but less than beyond a reasonable doubt. *State v. Cox*, 15-0124, p. 13 (La.App. 4 Cir. 7/15/15), 174 So.3d 131, 138. The clear and convincing standard is a higher burden of proof than the one for granting a motion for new trial.[6]

Because the district court applied the wrong standard to Defendant's application for post-conviction relief, it erred by granting the application, and ordering a new trial. Accordingly, we grant the State's writ application, vacate the ruling by the district court, and remand the matter to the district court to address whether the results of the DNA tests meet the more stringent standard required by La. C.Cr.P. art. 930.3(7).[7]

**WRIT GRANTED; VACATED; REMANDED.**

---

[6] *See State v. Robertson,* 42,247, pp. 2-3 (La.App. 2 Cir. 6/25/07), 958 So.2d 787, 788-89 (while a favorable DNA test "might have been persuasive to a jury to establish a reasonable doubt of guilt, it does not now provide 'clear and convincing evidence' of the applicant's factual innocence of the crime, and would not provide grounds for the granting of post-conviction relief under La. C.Cr.P. art. 930.3(7)").

Little case law in Louisiana addresses DNA evidence pursuant to La. C.Cr.P. art. 930.3(7). However, in *State v. Johnson*, 07-0475 (La.App. 1 Cir. 10/10/07), 971 So.2d 1124 (subsequent history omitted), the defendant filed post-conviction relief based on DNA test results and claimed that he should be granted a new trial based on the State's failure to disclose exculpatory evidence in violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The district court granted post-conviction relief, set aside the verdict and ordered a new trial based on the DNA test results and the *Brady* claim. The First Circuit reversed the district court's granting of the defendant's post-conviction relief, finding that the results of the DNA testing did not prove by clear and convincing evidence that the defendant was factually innocent of the crime.

[7] Defendant also argues that this court can determine if the results of the DNA tests meet the more stringent standard required by La. C.Cr.P. art. 930.3(7). Because the district court conducted the evidentiary hearing, we find it more appropriate to remand this to the court below for its own analysis pursuant to La. C.Cr.P. art. 930.3(7).