JOSEPH E. DICKERSON

VERSUS

TIM HOOPER, WARDEN LOUISIANA STATE

PENITENTIARY

NO. 21-KH-740

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Susan S. Buchholz
First Deputy, Clerk of Court

_____ January 12, 2022 _____

Susan Buchholz
First Deputy Clerk

**IN RE** JOSEPH E. DICKERSON

---

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE RAYMOND S. STEIB, JR., DIVISION "A", NUMBER 96-2035

---

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and John J. Molaison, Jr.

## WRIT GRANTED; RULING VACATED; MATTER REMANDED

On June 3, 1998, relator, Joseph Dickerson, was found guilty by a jury of second degree murder (La. R.S. 14:30.1) and was sentenced to life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence. Relator's conviction and sentence were affirmed by this Court on January 28, 2000. *State v. Dickerson*, 99-353 (La. App. 5 Cir. 1/28/00), 751 So.2d 425. On January 12, 2001, the Louisiana Supreme Court denied writs. *State v. Dickerson*, 00-0750 (La. 1/12/01), 778 So.2d 1153, *reconsideration denied* (La. 3/23/01), 787 So.2d 1005, *cert. denied*, *Dickerson v. Louisiana*, 533 U.S. 957, 121 S.Ct. 2608, 150 L.Ed. 2d 763 (2001). Relator filed subsequent applications for post-conviction relief ("APCRs"), which were denied. *Dickerson v. State of Louisiana*, 09-KH-97 (La. App. 5 Cir. 8/25/11) (unpublished writ disposition); *Dickerson v. Vannoy*, 20-KH-282 (La. App. 5 Cir. 9/16/20) (unpublished writ disposition).

According to the instant application, relator filed a third APCR on October 29, 2021. The trial court denied the APCR as time-barred, pursuant to La. C.Cr.P. art. 930.8, in a judgment dated November 4, 2021. Specifically, the trial court observed that relator's claims did not meet an exception to La. C.Cr.P. art. 930.8, because there was no indication of when relator obtained the 2012 news article and pre-2012 blog post, which he asserted was new evidence of his innocence and misconduct by the investigating detective in his case. The trial court

21-KH-740

found that relator failed to meet his burden under La. C.Cr.P. art. 930.2. The trial court also noted that his claim was repetitive, as he had previously argued it without success.

In his current APCR, relator specifically asserted a claim of "factual innocence" pursuant to La. C.Cr.P. art. 926.2. Article 926.2 provides, in pertinent part:

A. A petitioner who has been convicted of an offense may seek post conviction relief on the grounds that he is factually innocent of the offense for which he was convicted. A petitioner's first claim of factual innocence pursuant to this Article that would otherwise be barred from review on the merits by the time limitation provided in Article 930.8 or the procedural objections provided in Article 930.4 shall not be barred if the claim is contained in an application for post conviction relief filed on or before December 31, 2022, and if the petitioner was convicted after a trial completed to verdict. This exception to Articles 930.4 and 930.8 shall apply only to the claim of factual innocence brought under this Article and shall not apply to any other claims raised by the petitioner. …

B.(1)(a) To assert a claim of factual innocence under this Article, a petitioner shall present new, reliable, and noncumulative evidence that would be legally admissible at trial and that was not known or discoverable at or prior to trial and that is either:

(i) Scientific, forensic, physical, or nontestimonial documentary evidence.

(ii) Testimonial evidence that is corroborated by evidence of the type described in Item (i) of this Subsubparagraph.

(b) To prove entitlement to relief under this Article, the petitioner shall present evidence that satisfies all of the criteria in Subsubparagraph (a) of this Subparagraph and that, when viewed in light of all of the relevant evidence, including the evidence that was admitted at trial and any evidence that may be introduced by the state in any response that it files or at any evidentiary hearing, proves by clear and convincing evidence that, had the new evidence been presented at trial, no rational juror would have found the petitioner guilty beyond a reasonable doubt of either the offense of conviction or of any felony offense that was a responsive verdict to the offense of conviction at the time of the conviction.

(2) A recantation of prior sworn testimony may be considered if corroborated by the evidence required by Subsubparagraph (1)(a) of this Paragraph. However, a recantation of prior sworn testimony cannot form the sole basis for relief pursuant to this Article. …

After a review of the application, including the exhibits, and the trial court's ruling thereon, we find that the trial court failed to specifically address whether the time-bar exception to La. C.Cr.P. arts. 930.4 and 930.8 contained in La. C.Cr.P. art. 926.2 applies to relator's claim of "factual innocence" brought in his APCR pursuant to Article 926.2. Accordingly, we grant the writ, vacate the trial court's November 4, 2021 ruling on relator's current APCR, and remand the matter for the trial court to address whether the time-bar exception to Articles 930.4 and 930.8 contained in Article 926.2 applies to relator's claim of "factual innocence" brought in his APCR pursuant to Article 926.2, and if so, to rule on the merits of relator's claim.

Gretna, Louisiana, this 12th day of January, 2022.

**JGG**
**FHW**

JOSEPH E. DICKERSON

VERSUS

TIM HOOPER, WARDEN LOUISIANA STATE

PENITENTIARY

NO. 21-KH-740

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

**MOLAISON, J., DISSENTS WITH REASONS**

I respectfully dissent from the majority's disposition that this matter requires a remand.

The newly revised text of La. C.Cr.P. art. 926.2, in relevant part, only pertains to "A petitioner's **first** claim of factual innocence." [Emphasis added.] The article then specifies:

> B. (1)(a) To assert a claim of factual innocence under this Article, a petitioner shall present new, reliable, and noncumulative evidence that would be legally admissible at trial and that was not known or discoverable at or prior to trial and that is either:
> (i) Scientific, forensic, physical, or nontestimonial documentary evidence.
> (ii) Testimonial evidence that is corroborated by evidence of the type described in Item (i) of this Subsubparagraph.

The instant writ application itself, and this Court's own rulings, clearly show that the claim before the trial court was not being raised for the first time, and was not based on "new" evidence. The relator has, in fact, raised identical issues of perjury, and alleged witness coercion by the investigating detective, in his previous applications for post-conviction relief ("APCRs") which date back to 2004.

**Relevant procedural history**

In *Dickerson v. State of Louisiana,* 04-KH-528 (La. App. 5 Cir. 5/28/04)(unpublished writ disposition); *writ denied, State ex rel. Dickerson v. Cain,* 04-1607 (La. 11/15/04), 887 So.2d 476, this Court observed, "Relator

claims that he was denied due process and prejudiced by the knowing use of false testimony. Relator now asserts that the eyewitness recanted his trial testimony, alleging that he (the witness) was coerced into identifying the defendant and testifying against him at trial."

Next, in *Dickerson v. State of Louisiana,* 04-KH-632 (La. App. 5 Cir. 6/10/04)(unpublished writ disposition), *writ transferred*, *State ex rel. Dickerson v. State*, 08-1861 (La. 2/20/09), 1 So.3d 477, *reconsideration granted, writ denied*, 08-WR-1131 C/W 09-KH-97, (La. App. 5 Cir. 4/25/11)(unpublished writ disposition), *writ denied, State ex rel. Dickerson v. State*, 11-2066 (La. 5/18/12), 89 So.3d 1186, the relator asserted identical claims in a section entitled "Coercion and Perjury." This Court again denied the relator's claims as repetitive and, on May 13, 2005, the Louisiana Supreme Court denied relator's writ of certiorari as repetitive, citing LSA-C.Cr.P. art. 930.4.

More recently, in *Dickerson v. Vannoy*, 20-KH-282 (La. App. 5 Cir. 9/16/20)(unpublished writ disposition), the relator again argued in his writ application to this Court that "The new facts [are that] former Detective Grey Thurman is now known for manufacturing evidence, coercing false statements, and suppressing favorable evidence during his lead investigation of homicide cases. In denying that writ application, which notably included the two members of the majority in the instant application, this Court opined:

> Relator alleges that his claims are based on new facts. However, the writ application submitted to this Court does not contain any evidence of new facts discovered within two years of the filing of relator's second APCR as required by La. C.Cr.P. art. 930.8(A)(1).

*21kh740*

2

As stated in the relator's current application, his claim is: "Eliminate the false evidence created by Thurman's corruption and there is sufficient evidence to establish Dickerson is Factually Innocent." The only "new" evidence that the relator provides are photocopies of two internet articles that are not directly related to his case.

**The claim of actual innocence**

I believe that, prior to the recent amendment of La. C.Cr.P. art. 926.2, there would be little argument that the claims raised in the relator's third APCR would by repetitive under La. C.Cr.P. art. 930.4 and untimely under La. C.Cr.P. art. 930.8. The relator argues, however, that the trial court erred in denying relief pursuant to La. C.Cr.P. arts. 930.4 and 930.8, because La. C.Cr.P. arts 926.2 allows a claim of actual innocence to proceed in spite of those limitations. I conclude that the relator has not met the criteria of 926.2 because: 1) This is not the first time he has advanced these claims, and; 2) His "new evidence" does not meet the required definition.

The question then becomes whether the relator can avoid the application of 930.4. and 930.8 merely by stating his claim is one of "actual innocence." In this case, I think that the issue is one of semantics and not substance. I would suggest the relator is availing himself of the new statute by "repackaging" otherwise repetitive claims. As observed by the Louisiana Supreme Court in *State v. Conway*, 01-2808 (La. 4/12/02), 816 So.2d 290, 291, a bona fide claim of actual innocence must involve evidence that is "new, material, [and] noncumulative."

**The trial court's judgment**

The trial court did not articulate any findings about "actual innocence" in its reasons for judgment. Yet the court's conclusion, that the relator raises repetitive claims and that there was no new evidence, are both correct. As such,

3

the relator has not shown that he is entitled to relief under La. C.Cr.P. art. 926.2.

Accordingly, the limitations of articles 930.4 and 930.8 would apply, reaching

the result rendered by the trial court. Even in the absence of a discussion of

926.2 in the trial court's reasons for judgment, as a reviewing court we are not

bound to determine relief on that basis. As we observed in *State v. Gravois*, 17-

341 (La. App. 5 Cir. 12/13/17), 234 So. 3d 1151, 1160, *writ denied*, 2018-0100

(La. 3/23/18), 239 So. 3d 292, *and writ denied,* 18-0080 (La. 3/23/18), 239 So.3d

298:

> We note that appellate Courts do not review reasons for judgment as a part of the judgment itself. La. –C.C.P. art. 1918; *Burmaster v. Plaquemines Parish Government*, 07-1311 (La. 8/31/07), 963 So.2d 378, 379. The written reasons for judgment are merely an explication of the trial court's determinations. *State in the Interest of Mason*, 356 So.2d 530, 532 (La. App. 1 Cir. 1977).

## Conclusion

Given that the trial court correctly found that the relator's most recent

APCR claims are repetitive, and therefore do not fit the criteria of La. C.Cr.P.

art. 926.2, I fail to see the necessity of remanding this matter to the trial court for

yet another review of these particular claims. I would deny the instant

application on the showing made, for the reasons stated above.

**JJM**

4

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **01/12/2022** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**21-KH-740**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Hon. Raymond S. Steib, Jr. (DISTRICT JUDGE)
Thomas J. Butler (Respondent)

### MAILED

Joseph E. Dickerson #126166 (Relator)
Louisiana State Penitentiary
Angola, LA 70712